Wisconsin DEPARTMENT OF REVENUE, Petitioner-Respondent,

v.

LAKE WISCONSIN COUNTRY CLUB, Appellant.†

Court of Appeals

*No. 83-2494. Submitted on briefs January 24, 1985.—Decided February 25, 1985.*
(Also reported in 365 N.W.2d 916.)

---

† Petition to review denied.

For the appellant the cause was submitted on the briefs of *Carl R. Marquardt* and *Marquardt, Carlson & Koeck, Ltd.*, of Prairie du Sac.

For the petitioner-respondent the cause was submitted on the briefs of *Bronson C. La Follette*, attorney general, and *John C. Murphy*, assistant attorney general.

Before Gartzke, P.J., Dykman, J. and Rudolph T. Randa, Reserve Judge.

DYKMAN, J. Lake Wisconsin Country Club appeals from a judgment of the circuit court which determined that assessments for Lake Wisconsin's capital improvement fund were taxable income rather than nontaxable contributions to capital, thereby overturning part of an underlying Tax Appeals Commission (TAC) decision. Giving due weight to the TAC's interpretation of Wisconsin tax law, we conclude its decision is reasonable, and reverse the judgment of the circuit court.

Lake Wisconsin Country Club is a nonstock, nonprofit Wisconsin corporation which does not qualify as a tax-

exempt entity under the Internal Revenue Code and files state and federal franchise income tax returns. Lake Wisconsin Country Club operates a golf course and club house that includes locker rooms, pro shop, kitchen, dining room and bar. Except during club membership events, the golf course and club house are open to the public for a fee. Members do not have to pay green fees.

Prospective members must (1) purchase a $100 Certificate of Membership which is refunded when they withdraw; (2) pay a nonrefundable initiation fee of $100; and (3) pay nonrefundable annual dues and assessments for capital improvements. At an annual meeting members approve the amounts for the following year's dues, based on anticipated operating expenses. The members also approve capital needs, to be used for things such as course improvement, additions to the club house or parking lot. Dues received by the club are paid into a general fund. Assessments are paid into a segregated building and grading fund reserved solely for capital expenditures.

The club contends that the assessments constitute contributions to capital and so do not fit the statutory definition of income.[1] Section 71.03 (1), Stats., defines gross income, in part, as including: "(a) All fees derived from services . . . . (g) All profits derived from the transaction of business . . . . (k) And all other gains, profits or income of any kind derived from any source whatever . . . except such as hereinafter exempted."

*Standard of Review*

In *West Bend Education Ass'n v. ERC*, 121 Wis. 2d 1, 11–13, 357 N.W.2d 534, 539 (1984), the court stated that the scope of review of an agency's conclusions is the same for the circuit court, the court of appeals and the supreme court. It said:

---

[1] Section 71.01 (2) Stats., imposes a franchise tax measured by net income on all corporations for the privilege of doing business in Wisconsin.

Generally questions relating to interpretation and application of statutes are labeled questions of law, and the blackletter rule is that a court is not bound by an agency's conclusions of law. . . .

The statutes, as well as the cases, caution that under certain circumstances a court should defer to the agency's conclusions of law. Sec. 227.20(10), Stats. 1979–80, provides that upon review of an agency's determination, "due weight shall be accorded the experience, technical competence, and specialized knowledge of the agency's involved . . . ." Our cases similarly recognize that . . . the agency's conclusions are entitled to deference by the court. Where a legal question is intertwined with factual determinations or with value or policy determinations or where the agency's interpretation and application of the law is of long standing, a court should defer to the agency which has primary responsibility for determination of fact and policy. [Footnotes and citations omitted.]

The court added in a footnote, *Id.* at 12 n. 12, 357 N.W.2d at 540: "Where the question is 'very nearly' one of first impression, and the agency has not developed expertise or a body of precedent on the question, the court is to give the agency's conclusion 'due weight,' or 'great bearing,' but not 'great weight.' " (Citation omitted.)

The legal question whether the assessments were income is intertwined with value or policy determinations inherent in decisions allocating a tax burden to one group rather than another. We should therefore defer to the TAC because it has primary responsibility for these policy determinations. Because this is a case of first impression and the TAC has not developed expertise or a body of precedent on the question, our deference will be to give due weight and great bearing to the TAC's conclusion. We also apply the rule stated in *Nigbor v. DILHR*, 115 Wis. 2d 606, 611, 340 N.W.2d 918, 921 (Ct. App. 1983), *aff'd*, 120 Wis. 2d 375, 355 N.W.2d 532 (1984), where we said: "When reviewing an administrative agency's conclusions of law, the reviewing court

is not bound by those conclusions but will sustain them if reasonable, even though an alternative view exists that is equally reasonable."

### Is Contribution to Capital "Income"?

Because the TAC found the question of what constitutes a contribution to capital to be one of first impression, it considered the definition contained in Internal Revenue Code Regulations.[2]

The issue is whether TAC's determination that assessments paid by Lake Wisconsin's members are nontaxable capital contributions is reasonable. *Nigbor,* 115 Wis. 2d at 611, 340 N.W.2d at 921. The cases discussing the factors to be weighed in distinguishing between taxable fees and nontaxable capital contributions have arisen under federal law, which recognizes a distinction between the two concepts. The TAC accepted the reasoning of the court in *Minnequa University Club v. Commissioner,* 30 T.C.M. 1305 (1971). In that case the club levied a special assessment on its members to finance certain capital improvements, kept the money in a special account and expended it exclusively for those certain capital improvements. Receipts from nonmember functions

---

[2] Treas. Reg. sec. 1.118–1 (1956), provides in part:

In the case of a corporation, section 118 provides an exclusion from gross income with respect to any contribution of money or property to the capital of the taxpayer. Thus, if a corporation requires additional funds for conducting its business and obtains such funds through voluntary pro rata payments by its shareholders, the amounts so received being credited to its surplus account or to a special account, such amounts do not constitute income, although there is no increase in the outstanding shares of stock of the corporation. In such a case the payments are in the nature of assessments upon, and represent an additional price paid for, the shares of stock held by the individual shareholders, and will be treated as an addition to and as a part of the operating capital of the company.

constituted a considerable portion of the club's gross receipts. The court said:

> While petitioner is a nonstock corporation, its members are its only owners and must be put in the shoes of stockholders. In the normal situation, capital funds are often injected into operating businesses with the goal in mind of generating additional income and profits within the business. Contributions so made are nonetheless contributions to capital, and when made astutely often produce dividend income to the contributors. Where, as is the case here, the contributions to capital increase the business' physical plant, increasing business and generating additional profits, the income is no less realized by the stockholders because received in the form of reduced or maintained membership dues than if distributed as a dividend. This form of realizing a benefit from their contributions is every bit as real as realization from a membership transfer upon dissolution. Respondent's conclusion that payments by petitioner's members could only have been for services received is fallacious and not to be relied on.
>
> That the assessed amounts were received by petitioner as contributions to its capital is clear. The terms of the assessment limited the use to be made of the funds. The funds were always maintained and accounted for separately; and lastly, the funds were actually expended on capital expenditures. We therefore can only conclude that they were capital contributions.

*Id.* at 1309–1310. The TAC found the facts in *Minnequa* analagous to those of Lake Wisconsin, rather than to the facts in *Washington Athletic Club v. United States of America,* 614 F.2d 670 (9th Cir. 1980), where nonmembers of the club had no access to the club's facilities and those who failed to pay lost the use of club facilities entirely. The distinction between these cases is premised on the Internal Revenue Code, not Wisconsin law. These cases are not persuasive as to the meaning of sec. 71.03 (1), Stats., but serve to show that differentiating contributions to capital from income is a reasonable distinction.

We defer to the value or policy determination of the TAC. We conclude that the TAC's distinction between

contributions to capital and income is a reasonable interpretation of sec. 71.03 (1), Stats. We therefore need not examine competing interpretations of sec. 71.03 (1).

*By the Court.*—Judgment reversed.

GARTZKE, P.J. (*dissenting*). It is undisputed that the dominant motive for payment of the assessments is to retain membership privileges in Lake Wisconsin rather than to invest. Memberships are not transferrable. A member who withdraws loses all paid-in assessments. Failure to pay the assessments results in a loss of membership.

An investment motive and a proprietary interest in the corporation are indicia of capital contributions. *Washington Athletic Club v. United States,* 614 F.2d 670, 675 (9th Cir. 1980) ; *See also* 7 Mertens, *The Law of Federal Income Taxation* sec. 38.22 at 52–53 (1984). Those factors being absent, I would affirm the circuit court.