Joyce SEEP, Petitioner-Respondent,

v.

STATE PERSONNEL COMMISSION, Respondent,

SECRETARY, DEPARTMENT OF HEALTH &
SOCIAL SERVICES and State of Wisconsin,
Respondent-Appellant.

SECRETARY, DEPARTMENT OF HEALTH &
SOCIAL SERVICES and State of Wisconsin,
Petitioner-Appellant,

v.

WISCONSIN PERSONNEL COMMISSION, State of
Wisconsin and Joyce Seep, Respondents,

Court of Appeals

*No. 85–2051. Argued September 10, 1986.—Decided May 6,
1987.*

(Also reported in 409 N.W.2d 142.)

On behalf of the respondent-appellant the cause was submitted on the briefs of *Bronson C. La Follette,*

attorney general and *Nadim Sahar,* assistant attorney general. Oral argument by *Nadim Sahar.*

On behalf of the petitioner-respondent the cause was submitted on the brief of *Albert, Jude & Van Remmen, S.C.* of Racine. Oral argument. by *Alice Shuman.*

On behalf of the respondent State Personnel Commission a brief was filed by *Linda M. Clifford* of *LaFollette & Sinykin* of Madison. Oral argument by *Linda M. Clifford.*

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

SCOTT, C.J. The State of Wisconsin Department of Health and Social Services (department) appeals a circuit court judgment which affirmed the State Personnel Commission's (commission) decision that the department had abused its discretion in refusing to reinstate one of its former employees, Joyce Seep. The circuit court also affirmed the commission's order which, in effect, ordered the department to reinstate Seep. The circuit court reversed that part of the commission's order denying an award of back pay to Seep and remanded the issue to the commission with instructions to award back pay with interest at the legal rate. We affirm the circuit court's decision as to the abuse of discretion and reinstatement issues. However, we conclude from the applicable statutes that an award of back pay is not an appropriate remedy in this case. Therefore, we reverse that portion of the circuit court's decision.

Seep had been an institution aide at the Southern Wisconsin Center for the Developmentally Disabled (SWC) for twenty years. As such, she was, in effect, an employee of the department. At the time of her retirement in January of 1982, Seep was told that she

would have the right to be reinstated if she applied within three years after her departure. One year after she retired, Seep submitted an application for reinstatement. Her request was denied, with sick leave abuse given as the reason.[1]

SWC had long had problems with its employees abusing sick leave, using accrued sick leave to extend weekends, vacations and holidays. Prior to 1981, SWC had done little to curb sick leave abuse. The problem had grown to the point where SWC was concerned about being cited for unsatisfactory staffing levels. Absenteeism was causing SWC to lose the equivalent of twenty-four fulltime positions annually.

In 1981, SWC instituted a new, tougher policy on sick leave. The new policy was communicated to SWC employees through a series of personnel memos.[2] Four aides who had left their employment and been reinstated before Seep's application continued to abuse sick leave privileges upon their return despite warnings and counseling. By the end of 1982, a byproduct of this new abuse policy was a policy of not reinstating those employees who had been sick leave abusers in the past. Seep was the first employee to ask to be reinstated after the nonreinstatement policy was formulated by SWC. Seep's reinstatement was denied solely on the ground of sick leave abuse.

---

[1] In her twenty-year tenure at SWC, Seep had accrued 2,080 hours of sick leave, the equivalent of 260 days off. When she retired, Seep had used all but four hours and twenty-seven minutes.

[2] Under the new policy, suspected sick leave abusers could be required to bring in a physician's certification of illness to corroborate specific absences. If no certificate was presented, the employee would be required to take leave without pay.

Seep filed a complaint with the commission alleging that the department abused its discretion in denying her reinstatement. The commission found that sick leave abuse caused SWC substantial problems in discharging its obligations of patient care, rehabilitation and training. The commission also found that Seep had a pattern of abusing sick leave. However, the commission also decided that the department had abused its discretion in refusing to reinstate Seep. The commission rejected the department's decision not to reinstate Seep and denied Seep's claim for back pay.[3]

The department sought review of the abuse of discretion portion of the decision and the order to reinstate Seep under ch. 227, Stats. Seep sought review on the back pay issue. The circuit court affirmed the commission's determination on the department's abuse of discretion and the reinstatement of Seep. The circuit court reversed the commission on the back pay issue, remanding the issue to the commission with instructions to order back pay for Seep plus interest. Those three issues—the abuse of discretion, reinstatement and back pay—are now before this court on appeal.

The first issue on review is whether the commission erred in concluding that the department abused its discretion in denying Seep's reinstatement. Wisconsin Adm. Code sec. ER-Pers 16.01(2) gives the department discretion in reappointing former employ-

---

[3]In the original proposed order back pay was ordered, but in the final decision and order the commission concluded that back pay was not available as a remedy.

ees.[4] The commission, however, has the power under sec. 230.44(1)(d), Stats.,[5] to examine the department's decision and determine if there was an abuse of discretion inherent in the department's decision. On appeal, our task is to determine if the commission's decision was correct. We therefore stand in the shoes of the circuit court, owing no deference to the court's decision. *Department of Transp. v. Office of the Comm'r of Transp.*, 135 Wis. 2d 195, 198, 400 N.W.2d 15, 16 (Ct. App. 1986).

Application of a legal standard, in this case "abuse of discretion," to a particular set of facts presents a question of law. *See Estate of Riese v. Weber*, 132 Wis. 2d 215, 219, 389 N.W.2d 640, 641 (Ct. App. 1986). Normally, the court of appeals is not bound by an administrative agency's conclusions of law. *Department of Revenue v. Lake Wis. Country Club*, 123 Wis. 2d 239, 242, 365 N.W.2d 916, 918 (Ct. App. 1985). Nonetheless, merely labeling the commission's determination a conclusion of law does not

---

[4]Wisconsin Adm. Code sec. ER-Pers 16.01(2) reads:

(2) Re-appointment under sub. (1) may be either permissive at the discretion of the appointing authority or mandatory as required by the law or rule of the administrator. In those instances where an employe or former employe has "eligibility" for reinstatement, the action is permissive. In those instances where an employe or former employe has the "right" of restoration, the action is mandatory. In these rules of the administrator, "reinstatement" refers to a permissive act and "restoration" refers to a mandatory right.

[5]Section 230.44(1)(d), Stats., reads:

(d) *Illegal action or abuse of discretion.* A personnel action after certification which is related to the hiring process in the classified service and which is alleged to be illegal or an abuse of discretion may be appealed to the commission.

mean that this court should totally disregard the commission's determination. *See Nottelson v. DILHR,* 94 Wis. 2d 106, 116–17, 287 N.W.2d 763, 768 (1980). When a commission determination calls for a value judgment, an appellate court "must decide in each type of case the extent to which it should substitute its evaluation for that of the agency." *Nigbor v. DILHR,* 120 Wis. 2d 375, 383, 355 N.W.2d 532, 537 (1984). "[W]hen the expertise of the agency is significant to the value judgment, the agency's decision, although not controlling, should be given weight." *Id.* at 383–84, 355 N.W.2d at 537. We conclude that the decision of whether the department abused its discretion in denying Seep's reinstatement calls for a value judgment. Moreover, we conclude that, in the area of employment relations in state government, the commission has some degree of expertise. Therefore, the commission's decision will be given some weight.

■ There is substantial evidence in the record supporting the commission's conclusion that the department's decision was an abuse of discretion. In her tenure at SWC, Seep was never warned or disciplined for sick leave abuse. On leaving SWC, the problem of sick leave abuse was not mentioned in the exit interview, nor was Seep given the impression that anything would stand in the way of her reinstatement at SWC. While this sick leave abuse was acknowledged as a widespread problem at SWC, it was, if not explicitly approved, implicitly condoned by the management. When things came to the point where SWC had to react to sick leave abuse, its enforcement of its "new policy" was arbitrary and capricious. Employees

reinstated before and after Seep were found to be sick leave abusers.[6]

Next, the department alleges that the commission exceeded its authority by ordering that Seep be reinstated. The department is simply proceeding upon a mistaken impression of what the commission did. The commission has the authority to "affirm, modify or reject the action which is the subject of the appeal." Sec. 230.44(4)(c), Stats. The commission may also issue an enforceable order, remanding the matter for action consistent with its decision. *Id.* In its order, the commission *rejected* the decision of the department denying Seep's reinstatement and remanded the case for action in accordance with its decision. While the effect of this decision may be Seep's reinstatement, the commission's actions were clearly within the confines of sec. 230.44(4)(c).

In the final issue on appeal, the department alleges that the circuit court was in error when it reversed that portion of the commission's decision

---

[6]Because the original findings of the commission were insufficient on the question of whether several people reinstated after Seep were sick leave abusers, we retained jurisdiction over the case and remanded the case for further findings. The commission performed its function and provided this court with its additional findings indicating that several people reinstated after Seep were, in fact, sick leave abusers. Along the same vein, this court also asked the commission to make a finding as to whether the tougher sick leave policy was communicated to a second personnel director who took over the job shortly after the denial of Seep's reinstatement. The commission, in its supplemental findings, found that this new policy was not communicated to the new personnel director.

40

denying back pay. Section 230.43(4), Stats., deals with the remedy of back pay. It states in part:

> If an employe has been removed, demoted or reclassified, from or in any position or employment in contravention or violation of this subchapter, and has been restored to such position or employment by order of the commission ... the employe shall be entitled to compensation therefor from the date of such unlawful removal, demotion or reclassification at the rate to which he or she would have been entitled by law but for such unlawful removal, demotion or reclassification.

Statutory construction presents a question of law. *In re Paternity of S.J.K.,* 132 Wis. 2d 262, 264, 392 N.W.2d 97, 98 (Ct. App. 1986). As was noted before, a court is generally not bound by an administrative agency's conclusions of law. *See Department of Revenue,* 123 Wis. 2d at 242, 365 N.W.2d at 918. However, an administrative agency's conclusions regarding statutory interpretation and application are entitled to deference on appeal when the agency's experience, technical competence and specialized knowledge aid in its interpretation. *Robert Hansen Trucking, Inc. v. LIRC,* 126 Wis. 2d 323, 331, 377 N.W.2d 151, 155 (1985).

The primary source of statutory construction is the language of the statute itself. If the language of the statute is clear on its face, we are precluded from referring to extrinsic sources to aid in interpreting that language. *Empire Gen. Life Ins. Co. v. Silverman,* 135 Wis. 2d 143, 151, 399 N.W.2d 910, 913 (1987).

The commission examined the language of the statute and also relied upon the maxim *expressio*

41

*unius est exclusio alterius* in holding that back pay was not a viable remedy for Seep. Since the legislature expressly allowed the commission to use the remedy of back pay in civil service cases *only* when dealing with removal, demotion or reclassification, it implicitly chose not to make the remedy available in reinstatement cases.

■

We conclude that the commission's interpretation of sec. 230.43(4), Stats., is reasonable and consistent with the plain meaning of the statute. We therefore reverse that portion of the circuit court's decision granting Seep back pay.

Costs are denied to both parties.

*By the Court.*—Judgment affirmed in part and reversed in part.