STATE of Wisconsin EX REL. Jeffrey L. SPREWELL, Petitioner-Respondent,†

v.

Gary R. MCCAUGHTRY, Respondent-Appellant.

Court of Appeals

*No. 98–1518. Submitted on briefs January 12, 1999.—Decided April 15, 1999.*

(Also reported in 595 N.W.2d 39.)

†Petition to review denied.

On behalf of the respondent-appellant, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Charles D. Hoornstra*, assistant attorney general.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Jeffery L. Sprewell*, pro se.

Before Vergeront, Roggensack and Deininger, JJ.

ROGGENSACK, J. Gary R. McCaughtry, war-
den of the Waupun Correctional Institution (WCI),
appeals an order of the circuit court reversing the find-
ing of guilt of Jeffrey Sprewell, an inmate at WCI. The
prison adjustment committee found Sprewell guilty of
"soliciting staff" for attempting to befriend a prison
guard, concluding that WIS. ADM. CODE § DOC 303.26,
which prohibits an inmate from offering or requesting
"anything of value," includes offering or requesting
personal friendship. The circuit court concluded that
the language of § DOC 303.26 does not support the
agency's interpretation, noting that the WCI rules
interpreting § DOC 303.26 cannot change the plain
language of the code. We conclude that the agency's
interpretation of § DOC 303.26, that "anything of
value" includes personal friendships, is reasonable,
based on the plain language of the code and the prison's
interest in preserving security and order. Therefore,
we reverse the decision of the circuit court.

## BACKGROUND

On August 13, 1997, Sprewell was issued a con-
duct report charging him with soliciting staff, contrary
to WIS. ADM. CODE § DOC 303.26, for allegedly attempt-
ing to befriend a prison guard. The conduct report
stated:

> On the above date and time I was approached by
> inmate Sprewell #036847 he asked If I could speak
> with him about something important. I asked him
> what was on his mind while he was standing at my
> desk he stated he didn't "want other inmates to see
> him talking to a guard.["] I told him I would speak to
> him later. At approx. 9:15 p.m. I asked Inmate
> Sprewell what was on his mind. He then made the
> following comments "If you would approach me and

391

let me know if you liked me I would keep quiet." . . . "Do you know officer Tobek?" "No" I stated. [H]e went on further to say that he couldn't understand why an inmate would tell on a female guard. "Back in the day the females use to keep that stuff under-cover, I really like you and if I would meet you out on the street I would ask you out to a dance". . . "How do you know if you do or don't like someone if you don't give them a chance?" He then said "I would never say anything about you and if some-thing did take place, I don't talk to anyone.". . . "I know I am a lot older than you but sometimes you find the right person in the wrong setting." He then spoke of a lawsuit filed by Inmate McBride #142889 against myself he said "They just don't know how nice you are Sperka." I then informed him he would receive a conduct report.

On August 26, 1997, the prison adjustment com-mittee found Sprewell guilty of the solicitation charge. The committee specifically stated:

After a review of the conduct report, the inmate's statement, witness testimony, and the evi-dence, we find that he intentionally solicited staff by stating that he would like [to] form a personal relationship with the female officer (ask her out to a dance; if she would let him know if she liked him, he would keep quiet; sometimes you meet the right person in the wrong setting.) This type of contact between inmates and staff is forbidden as it could lead to favoritism or bribery. Personal relationships with staff are of great value to inmates. All inmates received notice that any type of personal solicitation would be a violation of 303.26.

The notification that the committee referred to is a September 28, 1996 Addendum to WCI Rules and Information Handbook which notified inmates that

392

"[p]ersonal solicitations—including requests to form friendships or personal relationships" would be regarded as an "attempt to corrupt staff" and is a prohibited form of solicitation. The committee further reasoned that Sprewell knew his behavior was improper because he asked the guard to stop him if he said anything inappropriate.

Sprewell appealed to the warden, and on September 4, 1997, the warden affirmed the adjustment committee. On September 26, 1997, Sprewell applied to the circuit court for a writ of certiorari. On March 16, 1998, the circuit court reversed the decision of the prison adjustment committee, reasoning that soliciting a personal relationship is not "anything of value" within the meaning of WIS. ADM. CODE § DOC 303.26. The court also noted that Sprewell could have been charged under WIS. ADM. CODE § DOC 303.63, which authorizes a prison to promulgate internal rules, violations of which are offenses. This appeal followed.

## DISCUSSION

### Standard of Review.

On certiorari review, we review the decision of the administrative agency, not that of the circuit court, *Wisconsin Pub. Serv. Corp. v. Public Serv. Comm'n,* 156 Wis. 2d 611, 616, 457 N.W.2d 502, 504 (Ct. App. 1990), and determine *de novo* whether the department acted within its jurisdiction, whether it acted according to applicable law, whether the action was arbitrary and unreasonable, and whether the evidence supported the determination in question. *State ex rel. Riley v. DHSS,* 151 Wis. 2d 618, 623, 445 N.W.2d 693, 694 (Ct. App. 1989).

Although the interpretation of an administrative rule is a question of law that we may review *de novo*, we accord deference to the agency's interpretation and application of its own administrative regulations unless the interpretation is inconsistent with the language of the regulation or is clearly erroneous. *Pfeiffer v. Board of Regents*, 110 Wis. 2d 146, 154–55, 328 N.W.2d 279, 283 (1983). Because the interpretation and enforcement of regulations governing prison security and order involve value judgments on the part of the department, the department's expertise is significant and we will defer to the department's determination as to what constitutes "anything of value" under WIS. ADM. CODE § DOC 303.26, if its conclusions are reasonable. *State v. Campbell*, 156 Wis. 2d 329, 333–34, 456 N.W.2d 870, 872 (Ct. App. 1990).

**Anything of Value.**

Under WIS. ADM. CODE § DOC 303.26, an inmate is guilty of soliciting staff if he intentionally "[o]ffers or gives anything of value to a staff member" or "[r]equests or accepts anything of value from a staff member." The plain language of the rule is broad and provides no definition of "anything of value"; therefore, we refer to the purpose of the rule for guidance.

The comments to WIS. ADM. CODE § DOC 303.26 state that the staff solicitation rule is necessary to avoid favoritism and bribery. In the context of bribery, the term "anything of value" is not restricted to money, goods or services. Rather, it has been interpreted to include intangible items. *United States v. Marmolejo*, 89 F.3d 1185, 1191–92 (5th Cir. 1996) (intangible items, such as conjugal visits, are "of value" and violate federal statutes prohibiting bribery by officials of state

and local agencies that receive federal funds). In other contexts, an intangible item, such as a professional business's good reputation, although not a divisible marital asset, is nevertheless a "thing of value." *Holbrook v. Holbrook*, 103 Wis. 2d 327, 350, 309 N.W.2d 343, 354 (Ct. App. 1981).

The broad language of WIS. ADM. CODE § DOC 303.26 does not preclude the committee's interpretation of "anything of value." In addition, the committee could reasonably conclude that prison security needs are furthered by including friendships between inmates and guards within the definition of "anything of value." According to the comments to § DOC 303.26, the rule is necessary to avoid favoritism and bribery which may lead to impropriety or the appearance of impropriety affecting inmate and staff morale at the prison. The rule prohibiting all exchanges and contacts between staff and inmates, therefore, can reasonably be interpreted as essential to prison management and security because in the closed environment of the correctional institution, the conduct of inmates and guards necessarily affects other inmates and guards and the allocation of prison resources for preserving institutional order. *See Turner v. Safley*, 482 U.S. 78, 90 (1987).

Several cases illustrate these management and safety concerns. In *Keeney v. Heath*, 57 F.3d 579 (7th Cir. 1995), for example, the Seventh Circuit upheld a rule prohibiting social involvement between prison employees and inmates as a justifiable response to prison discipline problems inherent in fraternization between inmates and guards, noting that "[j]ust the suspicion of favored treatment could create serious problems of morale." *Id.* at 581–82. The court also warned that "[j]udges should be cautious about dispar-

aging disciplinary and security concerns expressed by the correctional authorities." *Id.* at 581. *Paradinovich v. Milwaukee County*, 189 Wis. 2d 184, 525 N.W.2d 325 (Ct. App. 1994), provides another example of the danger of personal relationships between inmates and guards. In that case, an inmate shot a deputy sheriff with a gun that was given to him by a female deputy sheriff who had apparently fallen in love with the inmate and agreed to help him escape. *Id.* at 187, 525 N.W.2d at 326.

■

Based on the broad language of WIS. ADM. CODE § DOC 303.26 and the management and security interests that the rule protects, the WCI adjustment committee's interpretation of the term "anything of value" to include personal relationships between inmates and guards was reasonable. Furthermore, the Addendum to the WCI Rules and Information Handbook illustrates that the committee's conclusion is the settled department interpretation and provides ample notice to inmates that attempts to form friendships or personal relationships with guards are a prohibited form of staff solicitation and will not be tolerated by prison authorities.

## CONCLUSION

Because the interpretation and enforcement of WIS. ADM. CODE § DOC 303.26, which prohibits staff solicitation, affects prison management and security, we defer to the committee's reasonable judgment in interpreting the rule. Based on the plain language and the purpose of the rule, the committee reasonably interpreted the term "anything of value" to include personal relationships between inmates and guards. Accordingly, the order of the circuit court is reversed.

*By the Court.*—Order reversed.