STATE of Wisconsin EX REL. David J. GEHL and DSG Evergreen F.L.P., Petitioners-Appellants,

v.

Kevin F. CONNORS, Kathleen Falk, Gary H. Hamblin, Marcia A. MacKenzie, Gerald Mandli and Todd Violante, Respondents-Respondents.

Court of Appeals

*No. 2006AP2455. Submitted on briefs April 16, 2007. —Decided October 18, 2007.*

2007 WI App 238

(Also reported in 742 N.W.2d 530.)

On behalf of the petitioners-appellants, the cause was submitted on the briefs of *John A. Kassner* and *Matthew J. Fleming* of *Murphy Desmond S.C.*, Madison.

On behalf of the respondents-respondents, the cause was submitted on the brief of *Katharine F. Kucharski*, Dane County Assistant Corporation Counsel, and *Marcia MacKenzie*, Dane County Corporation Counsel, Madison.

Before Higginbotham, P.J., Lundsten and Bridge, JJ.

¶ 1. BRIDGE, J.  David Gehl appeals from an order denying his petition for a writ of mandamus seeking email communications from Dane County officials under the public records law. He asserts that, prior to the time of his request, the County improperly deleted emails that may have been responsive to his request, and he seeks access to whatever portion of the deleted emails that may still exist on discarded backup tapes in order to demonstrate that the records were not retained as required by law. We conclude that the County's alleged records retention violations cannot be reached through a claim under the public records law.

Gehl also argues that because his public records request was not overly broad, the County improperly denied it as being without reasonable limitation under WIS. STAT. § 19.35(1)(h) (2005–06).[1] The circuit court determined that the County's denial was proper. We agree and therefore affirm.

## BACKGROUND

¶ 2.  On October 16 and 17, 2003, David Gehl made a written public records request to the offices of Dane County Executive Kathleen Falk, Conservationist Kevin Connors, Corporation Counsel Marcia MacKenzie and Sheriff Gary Hamblin. The request related to a longstanding dispute between Gehl and various local governmental entities including Dane County regarding Gehl's property in the Town of Perry. The requests to the County Executive, Conservationist and Corporation Counsel were identical and sought 101 categories of documents for the period January 2000 to the time of the request. The request to the Sheriff sought eight categories of documents for the same period. Gehl was provided with hard copies responsive to the request. By mutual agreement, the County held its response to the remaining portion of his request in abeyance for a period of several months.

¶ 3.  On June 21, 2004, Gehl renewed the request for the emails. The County responded in writing on July 30, 2004, as follows:

> The county's Information Management Department has completed a search for e-mails within the scope of your request. It should be noted that the

[1] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

250

county does not have the capability to search for e-mails prior to June 2002, as they no longer exist. Enclosed you will find eight (8) pages of e-mails which arguably fall within paragraph 95 of your request. This constitutes the remainder of all records in the custody of the county within the scope of your request.

¶ 4. After sending this letter, the County determined that it might have a limited capacity to search for emails existing prior to June 2002 by searching for emails that employees may have saved to their own personal email boxes and by searching electronic data that may still contain some of the deleted emails. This was possible because the County possessed approximately 150 backup tapes containing this information which were put into a "scratch pool," which was in essence a box of discarded tapes that were available to be reused for other purposes. As they were reused, the data contained on them was overwritten.

¶ 5. The County asserts that this search was above and beyond any legal obligation that it had under the public records law. It asserts that these emails were lawfully deleted consistent with appropriate records retention laws, and characterizes the discarded records as the equivalent of pieces of paper that had been thrown in a wastebasket years ago. In any event, the County conducted a search, which yielded three emails unrelated to matters of interest to Gehl.[2] At his request, the emails were provided to Gehl on September 28, 2004.

¶ 6. Gehl asked for the search parameters that were used to conduct the search. The County responded that it had searched five email boxes (Kathleen Falk,

---

[2] It is not clear in the record which records were searched in this effort.

Topf Wells, Jim Arts, Gina Hill, Bonnie Stronach) and five key words (DSG Evergreen, David J. Gehl, David Gehl, Hague Church, and Town of Perry). Gehl objected to this response, arguing that the County searched an overly limited number of email boxes and that the search terms it used were overly restrictive. He also objected to the fact that the County had apparently misspelled "Hauge" as "Hague." On October 1, 2004, Gehl provided the County with a suggested list of expanded email boxes and key words to be searched. The list identified five additional email boxes and six additional search terms. On October 21, 2004, the County asked Gehl to provide it with an exhaustive list of email boxes and search terms in order to avoid repeated additional requests. He provided such a list on November 8, 2004.

¶ 7.  On November 18, 2004, Gehl made a revised public records request to the offices of Dane County Executive Kathleen Falk, Sheriff Gary Hamblin, Corporation Counsel Marcia MacKenzie, Interim Commissioner/Public Works Director Gerald Mandli, and Acting Director of Dane County Planning and Development Todd Violante.[3] Gehl's request asked for emails for the period November 1, 2000 to July 31, 2002. The request to the Dane County executive sought emails between all "staff, employees, servants, agents and counsel" of that office and any of thirty-nine individuals. This inquiry was not limited by subject matter. As a separate inquiry in the same request to the

[3] Ten days earlier, on November 8, 2004, Gehl made a similar request which did not specify a period of time for which records were being requested. The County rejected the request as not being sufficiently limited as to time, and Gehl then filed a new request on November 18 specifying the time period between November 1, 2000 and July 31, 2002.

county executive, Gehl sought emails containing any of forty-seven search terms. This inquiry was not limited by person. The search terms were as follows:

A-1 Agricultural Exclusive; A-1 (ex); A-1 Ex; A-1 EX; A-1 Exclusive Zoning; Access and Fence on CTH Z; Access on County Trunk Highway Z; Access on CTH Z; Access Permit; Ag. 1; Ag. 1 Exclusive; Ag. Exclusive Land; Ag. Exclusive Zoning; BOA; Exclusive Agriculture Zoning District; Farm Plan; Fence on County Trunk Highway Z; Fence on CTH Z; Field Road; Gehl; Gehl Farm Plan; Gehl Lawsuit; Hauge Church; Hauge Church Preservation Society; Hauge Log Church; Highway Z; Income Requirement; Land Use Plan; Board of Adjustment; County Trunk Highway Z; CTH Z; Dane County Farmland Preservation Plan; David Gehl; David J. Gehl; Density Policy; Density Study; Driveway; DSG Evergreen; Log Church; Preservation Society; Road Access; Substantial Income; Town of Perry; Town of Perry Board; Tree Cutting Incident; Zoning Administrator; Zoning Authority.

¶ 8. Gehl's other requests were similarly structured, and contained the same terms as the request to the county executive, although fewer in number. The request to the sheriff contained thirty-two persons and sixteen terms; the request to corporation counsel contained thirty-five persons and thirty-eight terms; the request to the director of public works contained thirty-four persons and twenty-six terms, and the request to the director of planning and development contained thirty-two persons and forty-six terms. The requests to the sheriff's department and public works department contained additional terms not found in the request to the county executive. The additional terms requested of the sheriff's department were: Case # 010018938; Case # 010071917; Cattle Path; Cutting Down of Trees; Eminent Domain; Gehl Property; Incident Report

Number 02–0030441; Perry Township Board; Trespass on Gehl Property; 1359 CTH Z. The additional terms requested of the public works department were: Best Location; and Northern Access. By letter dated November 24, 2004, the County denied the request pursuant to WIS. STAT. § 19.35(1)(h), on the basis that the request was without reasonable limitation as to subject matter.

¶ 9.   Gehl filed a petition for a writ of mandamus seeking disclosure of the documents responsive to his requests of October 16 and 17, 2003 and November 18, 2004, and related damages, fees and costs. The County responded, reiterating the facts set forth above and stating that it had provided Gehl with all of the documents in its possession responsive to the October 16 and 17, 2003 requests. It stated further that it properly objected to Gehl's remaining requests pursuant to WIS. STAT. § 19.35(1)(h) because the requests were so overbroad as to be inadequate under the public records law.

¶ 10.   Gehl filed a motion seeking judgment declaring the County's responses to be improper. He also sought an order granting access to any of the 150 tapes in the scratch pool which had not been overwritten. He stated that the purpose of this request was to permit computer forensics experts he had retained to catalog and identify the content of the tapes, and, if the catalog identified potential records responsive to his request, to conduct a search for those records. Further, Gehl sought access to permit his experts to search the hard drives of desktop and laptop computers belonging to each of the individuals who were the recipients of his public records requests. Finally, he sought an order directing the County to conduct a search using the November 18, 2004 search terms, and for costs and fees.

¶ 11.   Following a hearing on Gehl's mandamus petition, the circuit court ruled that the County made

the proper determination regarding which records should be retained under the law; the discarded tapes did not contain public records as that term is defined under Wisconsin law; there was no evidence establishing that the County withheld or failed to properly retain records; the County provided Gehl with all of the records in its possession that were responsive to the request and was diligent in doing so; and the stated reasons for denying Gehl's November 18, 2004, request were sufficient. The court also determined that, balancing the burden on the County against the unlikelihood that a search would result in any records responsive to Gehl's request, it was unreasonable to require the County to recreate or reconstruct its computer systems or other equipment to conduct the search Gehl had requested. The court denied the petition for a writ of mandamus. Gehl appeals.

## DISCUSSION

¶ 12. A significant portion of Gehl's argument to this court concerns his assertion that the County has unlawfully deleted virtually all emails that existed before June 2002. He argues that the circuit court should have ordered the County to search all backup tapes, computers and mailboxes containing deleted emails that may be responsive to his public records request. He contends that this search would establish whether the County failed to retain these documents as required by law, and would further establish whether any documents responsive to his request were part of the unlawfully discarded records. However, the relief he seeks is unavailable to him under the public records law.

¶ 13.    Gehl's writ petition states claims under the Wisconsin Public Records Law, WIS. STAT. §§ 19.31–1937, which is designed to make existing records available to the public unless withholding such documents is specifically authorized by law. *See State ex rel. Zinngrabe v. School Dist. of Sevastopol*, 146 Wis. 2d 629, 633, 431 N.W.2d 734 (Ct. App. 1988). The prayer for relief in Gehl's petition asks that the County be required to "comply with the Open Records laws of the State of Wisconsin, as set forth in WIS. STAT. § 19.21 through 19.39." However, § 19.21 relates to records retention and is not a part of the public records law. Moreover, none of the averments in his petition state a violation of § 19.21 or any other laws relating to records retention. Instead, Gehl attempts to seek relief under the public records law for an alleged violation of the records retention laws. His attempt is unavailing because, pursuant to *Zinngrabe*, an agency's alleged failure to keep sought-after records may not be attacked under the public records law. *Id.* at 634–635.

¶ 14.    Gehl argues that our ruling in *Zinngrabe* is inapposite to the present case because it involved a situation in which the governmental entity did not create a document; hence, the sought-after records did not exist. He contends that our holding with respect to the reach of the public records law in *Zinngrabe* is limited to situations in which the requested records were never created, and does not apply to situations in which the records have been created and subsequently discarded. We disagree.

¶ 15.    In *Zinngrabe*, a school board denied Zinngrabe's public records request for minutes of closed school board meetings on the basis that no minutes were recorded. *Id.* at 631. Zinngrabe argued that the

school board had a duty under the law to make a record of these proceedings. He asserted that the school board was attempting to defeat the provisions of the public records law by not generating the required records and then denying the request based on their non-existence. We declined to address the issue whether the school board had a legal duty to create minutes of its meetings because we determined that the relevant analysis under the public records law was whether the school board disclosed all of the records in its possession, not whether it should have created the requested records in the first instance. *Id.* at 635. The same reasoning applies here. The public records law addresses the duty to disclose records; it does not address the duty to retain records.[4] Those duties are set forth elsewhere in the law. Accordingly, we decline to reach Gehl's arguments regarding the County's records retention practices.

¶ 16.   We next turn to the County's denial of Gehl's request under the public records law.[5] Where a circuit court, determining a petition for a writ of mandamus, has interpreted Wisconsin's Public Records Law, *see* Wis. Stat. §§ 19.31 through 19.39, and has applied that law to undisputed facts, we review the circuit court's decision de novo. *State ex rel. Milwaukee Police Ass'n v. Jones*, 2000 WI App 146, ¶ 11, 237 Wis. 2d 840, 615 N.W.2d 190. We do so mindful of the legislature's declaration of policy that the public records law must be

---

[4] The only reference to records retention in the public records law is Wis. Stat. § 19.35(5), which prohibits destruction of a record *after* the receipt of a request for inspection. Gehl does not argue that the County violated this provision.

[5] The present appeal deals only with the November public records request.

construed in every instance with a presumption of complete public access, consistent with the conduct of governmental business. *Id.*

¶ 17. The County denied Gehl's request under WIS. STAT. § 19.35(1)(h) which provides in pertinent part that "a request for a record without a reasonable limitation as to subject matter or length of time represented by the record does not constitute a sufficient request." The purpose of this time and subject matter limitation is to prevent a situation where a request unreasonably burdens a records custodian, requiring the custodian to spend excessive amounts of time and resources deciphering and responding to a request. *WIREdata, Inc. v. Village of Sussex*, 2007 WI App 22, ¶ 51, 298 Wis. 2d 743, 729 N.W.2d 757, *review granted*, 2007 WI 114 (May 23, 2007) (No. 06–175).

¶ 18. The County relies on *Schopper v. Gehring*, 210 Wis. 2d 208, 565 N.W.2d 187 (Ct. App. 1997), in support of its denial. In *Schopper*, we found impermissibly broad Schopper's public records request for 911 calls received by a sheriff's department during the night Schopper was arrested for a traffic violation. The request encompassed three hours of calls recorded on sixty channels, for a total of 180 hours of audiotape. In addition to seeking a copy of the audiotape, Schopper also requested that a transcript be prepared for each of the tapes, along with a log identifying the time of each transmission. The department requested that Schopper narrow his request to a specific time frame or a specific event, but he declined to do so. We concluded that responding to the request represented a burden far beyond that which may reasonably be required of a custodian of a public record. *Id.* at 213. In so holding, we noted the policy supporting making public records

available for public scrutiny, but stated that we may not, in furtherance of that policy, create a system that would so burden the records custodian that the normal functioning of the office would be severely impaired. *Id.*

■

¶ 19. The County advances several arguments related to *Schopper*. First, it relies on language in *Schopper* in which we observed that Schopper's request was far in excess of that which was necessary for his announced purpose. *Id.* at 213. It contends that Gehl's request is likewise far in excess of that which was necessary for his announced purpose, which it describes as "the County officials' roles in any of the Gehl litigation." We reject the County's argument that *Schopper* establishes a requirement that a public records request must be limited to those records that are necessary for an "announced purpose." WIS. STAT. § 19.35(1)(i) provides that no public records request may be refused on the grounds that the requester is "unwilling to be identified or to state the purpose of the request." Contrary to the County's claim, the public records law does not require that a records custodian be informed of the purpose at all, much less undertake an evaluation of whether the requested records are in furtherance of such a purpose. The reference to the purpose of the request in *Schopper* is dicta and does not compel the result the County seeks.

¶ 20. The County also appears to rely on *Schopper* for the proposition that a request may be denied where a requester could have limited his request and declined to do so. However, in *Schopper*, we agreed that the request was properly denied because the requester "could reasonably have limited his request but failed to do so, *and* because the request placed an unreasonable burden upon the custodian in preparation of the docu-

259

ments necessary to fulfill the request . . . ." *Schopper*, 210 Wis. 2d at 213 (emphasis added). We do not read *Schopper* to permit a records custodian to deny a request based solely on the custodian's assertion that the request could reasonably be narrowed. In contrast, Gehl contends that *Schopper* should be construed to apply only to situations in which the *records custodian* has taken affirmative steps to limit the search. We do not read *Schopper* to require this effort as a prerequisite to denying a request under § 19.35(1)(h).

¶ 21. Gehl also argues that in *Osborn v. Board of Regents*, 2002 WI 83 ¶ 46, 254 Wis. 2d 266, 647 N.W.2d 158, the supreme court substantially limited the holding in *Schopper*. We disagree. At issue in *Osborn* was a public records request to the University of Wisconsin seeking information contained in applications for undergraduate admission over a four-year period of time. The University provided some of the records but objected to providing others on a variety of grounds. One of its arguments was that, under *Schopper*, it should be relieved of its statutory duty to redact personally identifiable information because the burden of redacting thousands of documents was greater than that required by the public records law. *Osborn*, 254 Wis. 2d 266, ¶ 43. In rejecting this argument, the supreme court determined that the University's reliance on *Schopper* was misplaced. The court noted that, unlike *Schopper*, the University had not denied the request under WIS. STAT. § 19.35(1)(h). Moreover, it held that the University could not use the "unreasonable burden" language in *Schopper* to excuse it from fulfilling a statutory responsibility. *Osborn*, 254 Wis. 2d 266, ¶¶ 45–46. *Osborn* is distinguishable on its facts and law, and does not limit our ruling in *Schopper*.

¶ 22.  The County contends that the request in the present case is at least as overly broad as was the request in *Schopper*. Gehl responds that his request is not overbroad because it is limited to a specific list of search terms. While he concedes that the list is lengthy, he argues that there is no ambiguity regarding the information he seeks. Further, he contends, the County was not relieved of its burden to search for records pursuant to the public records law simply because the records may have been difficult to find. Gehl distinguishes his request from that in *Schopper* because he asserts that here, a broad list of search terms is the only way to ensure that the records he seeks will be revealed by the search.

¶ 23.  We agree that the fact that the request may result in the generation of a large volume of records is not, in itself, a sufficient reason to deny a request as not properly limited. However, we conclude that the burden on the County to respond to Gehl's request is greater than that required by the public records law.[6] The first part of Gehl's records request seeks virtually every email that passed between all employees of the five County offices and departments named in his request and any of approximately thirty-four individuals over a two-year period. The request is not tied to any particular subject matter. As a result, the County would be required to locate and copy all emails relating to every aspect of hundreds of employees' contacts with others,

---

[6] Because we conclude that the County properly denied the request, we do not reach the issue whether the County's duty under the public records law required it to search through the 150 discarded tapes in order to respond to the request. *See Gross v. Hoffman*, 227 Wis. 296, 300, 277 N.W. 663 (1938) (If a decision on one point disposes of the appeal, we will not decide the other issues raised.).

without regard to content or relationship to matters involving the Gehl property. The second part of Gehl's request includes search terms as generic as "income requirement," "land use plan," "driveway" and "zoning authority."[7] We do not accept Gehl's argument that terms such as these are necessary to elicit the records he seeks. Instead, the terms are so broad on their face as to require the production of a large volume of records relating to virtually all County zoning matters that were taken up over a two-year period, without regard to the parties involved and without regard to whether the matters implicated Gehl's interests in any way.

¶ 24. We are mindful that Wisconsin law strongly favors opening records to public scrutiny. The right to inspect public records, however, is not absolute. At some point, an overly broad request becomes sufficiently excessive to warrant rejection under WIS. STAT. § 19.35(1)(h). We conclude that this is such a case. Accordingly, we conclude that the circuit court did not err in ruling that the County's denial of Gehl's request under § 19.35(1)(h) was proper.

¶ 25. For the above reasons, we affirm the circuit court's order denying Gehl's petition for a writ of mandamus.

*By the Court.*—Order affirmed.

---

[7] The parties do not argue that it is necessary to consider the application of WIS. STAT. § 19.35(1)(h) as it relates to each individual person and each search term contained in the request and instead, their arguments are directed to the sufficiency of Gehl's request, taken as a whole. When neither party has raised or briefed an issue, we decline to consider it sua sponte. *See Kane v. Employer's Ins. of Wausau*, 142 Wis. 2d 702, 705, 419 N.W.2d 324 (Ct. App. 1987).