COURT OF APPEALS
DECISION
DATED AND FILED

December 26, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.    2023AP1116**

Cir. Ct. No. 2022CV6788

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT I**

---

STATE OF WISCONSIN EX REL. YEHUDA MILLER,

PETITIONER-APPELLANT,

V.

MILWAUKEE COUNTY ELECTION COMMISSION,

RESPONDENT-RESPONDENT.

---

APPEAL from an order of the circuit court for Milwaukee County: WILLIAM SOSNAY, Judge. *Affirmed*.

Before White, C.J., Donald, P.J., and Geenen, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM.   Yehuda Miller appeals from an order dismissing his petition for a writ of mandamus against the Milwaukee County Election

Commission (MCEC) related to public records requests Miller made seeking to physically inspect all documents and records generated in 2020 relating to the 2020 general election in Milwaukee County. We affirm.

## BACKGROUND

¶2 On August 18, 2022, Miller sent a public records request to MCEC. He asked to physically inspect "ALL ORIGINAL documents and records relating to the 2020 general election," generated in 2020 in Milwaukee County. In the request, Miller proposed the word "election" as a search term to help MCEC staff identify responsive records. On September 30, 2022, Miller sent a second open records request to MCEC. This request reiterated the substance of his August 18, 2022 request, and it additionally asked MCEC to "provide electronic scans of all envelopes, absentee ballot envelopes, ballot by mail envelopes, accepted and rejected, from the 2020 general election[.]" Also on September 30, 2022, MCEC responded via email to both requests, stating that a reply would be provided "as soon as practicable and without delay" and that "[w]hat constitutes a reasonable time [to respond to the request] 'depends on the nature of the request, the staff and other resources available to the authority to process the request, the extent of the request, and other related considerations.'"[1]

¶3 On October 24, 2022, Miller filed a petition for a writ of mandamus under WIS. STAT. § 19.37(1)(a) against MCEC, asking the circuit court to compel MCEC to release to him all records responsive to his requests. For a time, the parties

---

[1] The language quoted by MCEC in its response to Miller comes from both WIS. STAT. § 19.35(4)(a) (2021-22) and *WIREdata, Inc. v. Village of Sussex*, 2008 WI 69, ¶56, 310 Wis. 2d 397, 751 N.W.2d 736.

All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

worked cooperatively to resolve the record requests. Indeed, even after Miller filed his petition, MCEC produced electronic copies of hundreds of thousands of responsive documents, including approximately 435,000 absentee ballots. The record shows that MCEC supplemented its response with additional electronic ballot images at least twice. Eventually, however, the parties reached an impasse in their efforts to resolve Miller's requests.

¶4      MCEC moved to dismiss Miller's petition arguing, among other things, that Miller's requests were insufficient as a matter of law because they were overbroad and excessively burdensome. Citing our decisions in *State ex rel. Gehl v. Connors*, 2007 WI App 238, 306 Wis. 2d 247, 742 N.W.2d 530, and *Schopper v. Gehring*, 210 Wis. 2d 208, 565 N.W.2d 187 (Ct. App. 1997), the circuit court agreed with MCEC, concluded that Miller's requests were far broader than the record requests rejected in both *Gehl* and *Schopper*, and dismissed Miller's petition.

¶5      Miller appeals.

## DISCUSSION

¶6      Ordinarily, we review a circuit court's decision to grant or deny a petition for a writ of mandamus "under the erroneous exercise of discretion standard." *Watton v. Hegerty*, 2008 WI 74, ¶6, 311 Wis. 2d 52, 751 N.W.2d 369. However, "[w]here a circuit court, determining a petition for a writ of mandamus, has interpreted Wisconsin's Public Records Law ... and has applied that law to undisputed facts, we review the circuit court's decision *de novo*." *Gehl*, 306 Wis. 2d 247, ¶16; *see also Watton*, 311 Wis. 2d 52, ¶6.

¶7      In its brief, MCEC cites both standards but advocates for the erroneous exercise of discretion standard. Miller cites no standard of review at all.

3

A review of the circuit court's oral decision reveals that it interpreted Wisconsin's Public Records Law and applied it to the undisputed language of Miller's public record requests to conclude that they were impermissibly broad and burdensome. We therefore review *de novo* the circuit court's decision to deny Miller's petition for a writ of mandamus.[2]

## I.    Miller's record requests are insufficient under WIS. STAT. § 19.35(1)(h).

¶8    "Mandamus is an extraordinary legal remedy, and one seeking a writ must establish that it is based on a clear, specific legal right that is free from substantial doubt." *State ex rel. Lewandowski v. Callaway*, 118 Wis. 2d 165, 171, 346 N.W.2d 457 (1984). A petitioner must show the following four factors in order to obtain a writ of mandamus: "(1) a clear legal right to relief; (2) a positive and plain legal duty on the part of the official or body to whom the writ is directed; (3) substantial damage due to the nonperformance of the duty; and (4) no adequate remedy at law." *State ex rel. Meessmann v. Town of Presque Isle*, 2023 WI App 36, ¶13, 408 Wis. 2d 690, 993 N.W.2d 749.

¶9    In this case, we focus on the first two factors, that is, whether Miller has a "clear legal right" to physically inspect all original documents and records

---

[2] In its oral decision, the circuit court also concluded that the physical ballots requested by Miller were "irreplaceable and, arguably, easily damaged" such that the record custodian could impose reasonable restrictions on the manner of access to those ballots under WIS. STAT. § 19.35(1)(k). The circuit court was also concerned that Miller's request to physically inspect the records he requested could threaten the secrecy of the ballot and could run afoul of other Wisconsin statutes governing who may physically touch ballots and other election materials.

We affirm the circuit court's order based on our agreement that Miller's requests are insufficient as a matter of law because they are overbroad and unduly burdensome under our case law and can be properly rejected on that basis. We apply *de novo* review because, like the circuit court, we are simply interpreting the Wisconsin Public Records Law and applying it to the undisputed language contained in Miller's requests.

related to the 2020 general election in Milwaukee County and whether MCEC has "a positive and plain legal duty" to supply all public records responsive to Miller's requests. *See id.* We agree with the circuit court that Miller's public record requests are overbroad and unduly burdensome, so much so that they are not "sufficient requests" under Wisconsin's Public Record Law. *See* WIS. STAT. § 19.35(1)(h). As a consequence, we conclude that Miller failed to show that he had a "clear legal right" to the records responsive to his requests or that MCEC had "a positive and plain legal duty" to produce them. *See **Meessmann***, 408 Wis. 2d 690, ¶13.

¶10 At the outset, we acknowledge the legislature's declaration of policy that the public records law must be "construed in every instance with a presumption of complete public access, consistent with the conduct of government business." WIS. STAT. § 19.31; *see also **Gehl***, 306 Wis. 2d 247, ¶16. Wisconsin law strongly and unquestionably favors opening public records to public scrutiny because "a representative government is dependent upon an informed electorate[.]" Sec. 19.31; *see also **Gehl***, 306 Wis. 2d 247, ¶24.

¶11 However, the right to inspect public records "is not absolute." ***Gehl***, 306 Wis. 2d 247, ¶24. For example, WIS. STAT. § 19.35(1)(h) states that a record request "without a reasonable limitation as to subject matter ... does not constitute a sufficient request." "The purpose of this ... subject matter limitation is to prevent a situation where a request unreasonably burdens a records custodian, requiring the custodian to spend excessive amounts of time and resources deciphering and responding to a request." ***Gehl***, 306 Wis. 2d 247, ¶17. We have recognized in the past that "[a]t some point, an overly broad request becomes sufficiently excessive to warrant rejection under [§] 19.35(1)(h)." ***Gehl***, 306 Wis. 2d 247, ¶24.

¶12    Our decision in *Gehl* demonstrates why Miller's requests are insufficient as a matter of law under WIS. STAT. § 19.35(1)(h).  In *Gehl*, the petitioner made public record requests directed at five county-level offices and departments relating to a longstanding dispute between the petitioner and various local governmental entities regarding the petitioner's property in the Town of Perry. *Id.*, ¶¶2, 7.  The request sought "virtually every email that passed between all employees of the five County offices and departments named in his request and any of approximately thirty-four individuals over a two-year period."  *Id.*, ¶23.  We observed that "the fact that the request may result in the generation of a large volume of records is not, in itself, a sufficient reason to deny a request as not properly limited." *Id.*  However, because the request was "not tied to any particular subject matter[,]" we concluded that "the County would be required to locate and copy all emails relating to every aspect of hundreds of employees' contacts with others, without regard to content or relationship to matters involving the [petitioner's] property." *Id.*

¶13    The petitioner's record request in *Gehl* also included "search terms as generic as 'income requirement,' 'land use plan,' 'driveway' and 'zoning authority.'" *Id.*  We rejected the petitioner's argument that the terms were necessary to elicit the records being requested.  Instead, we concluded that these terms were "so broad on their face as to require the production of a large volume of records relating to virtually all County zoning matters that were taken up over a two-year period[.]" *Id.*

¶14    Miller's record requests in this case are undeniably broader on their face than were the requests rejected in *Gehl*.  Miller requested to physically inspect "ALL ORIGINAL documents and records relating to the 2020 general election" in Milwaukee County.  In addition to the specific records Miller lists in his requests

(e.g., ballots, ballot envelopes, tally sheets, and chain of custody documents), the request also captures any record of communication (e.g., emails) between anyone at MCEC and anyone else so long as the content of the email is in any way "related to" the 2020 general election. We view Miller's requests in this case as similar to those rejected in *Gehl* because there is functionally no subject matter limitation to Miller's requests. Indeed, Miller's proposed search term to aid MCEC in locating the documents he requested (i.e., "election") is at least as useless as were the proposed search terms in *Gehl*. Like in *Gehl*, this case presents a situation where "responding to the request represent[s] a burden far beyond that which may reasonably be required of a custodian of a public record." *Gehl*, 306 Wis. 2d 247, ¶18.

¶15 Before concluding, we make several additional observations. First, Miller's petition for a writ of mandamus was prematurely and, therefore, improperly commenced. WIS. STAT. § 19.37(1), the statute under which Miller brought his petition, sets forth the conditions under which an action may be commenced. Specifically, a petition for mandamus may be brought only after an authority "withholds" or "delays granting access" to a record after a written request for disclosure is made. *Id.* In this case, MCEC never withheld or delayed granting access to any records before Miller filed his petition. Indeed, MCEC never denied Miller's requests, and instead, it provided a large volume of responsive documents on three separate occasions. Additionally, Miller's assertion that MCEC was required to produce all responsive records for Miller's physical inspection within ten days or even within the approximately ten weeks between his first request and the filing of his petition, all while MCEC prepared for the then-upcoming 2022 presidential primary election, is unreasonable and absurd.

¶16 Second, Miller essentially conceded that his requests were legally insufficient because they were overbroad. Appellants who ignore the rationale on which a circuit court bases its holding concede the validity of that holding, ***DNR v. Building and All Related or Attached Structures Encroaching on the Lake Noquebay Wildlife Area***, 2011 WI App 119, ¶¶10-12, 336 Wis. 2d 642, 803 N.W.2d 86, and that is exactly what Miller did here. To the extent Miller did not ignore the circuit court's rationale that his requests were overbroad and unduly burdensome on MCEC, Miller *actually* conceded the point by arguing that he was willing to narrow his request but unspecified bad faith actions on MCEC's part prevented those limitations from materializing.

¶17 Finally, we note that Miller's brief on appeal is bereft of legal arguments, instead accusing MCEC of "denial by delay" and other bad faith actions and speculating wildly about what procedures MCEC should be using and how long production of certain classes of records should take. We do not develop arguments for parties, ***State v. McMorris***, 2007 WI App 231, ¶30, 306 Wis. 2d 79, 742 N.W.2d 322, and any such accusations of "denial by delay" or other bad faith actions meant to frustrate the fulfillment of a public record request should be alleged in the petition for a writ of mandamus—not in a party's brief on appeal.

## CONCLUSION

¶18 We conclude that Miller's requests are "without a reasonable limitation as to subject matter," and consequently, they are insufficient requests under WIS. STAT. § 19.35(1)(h). As a consequence, we conclude that Miller failed to show that he had a "clear legal right" to the records responsive to his requests or that MCEC had "a positive and plain legal duty" to produce such records. The circuit court properly denied Miller's petition for a writ of mandamus.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.