TOWN OF EAST TROY, Plaintiff-Respondent,

v.

TOWN & COUNTRY WASTE SERVICE, INC.,
Defendant-Appellant.

Court of Appeals

*No. 90–0195. Submitted on briefs October 8, 1990.—Decided
December 12, 1990.*

(Also reported in 465 N.W.2d 510.)

696

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Michael S. Varda,* and *Anthony R. Varda,* of *DeWitt, Porter, Huggett, Schumacher & Morgan, S.C.* of Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Gabrielle Boehm* of *Hudec Law Offices* of East Troy.

On behalf of the Wisconsin Department of Transportation, an amicus curiae brief was filed by *Donald J. Hanaway,* attorney general, *Daniel S. Farwell,* assistant attorney general, and *Leslyn D. Erickson,* of the Wisconsin Department of Transportation.

Before Nettesheim, P.J., Brown and Anderson, JJ.

NETTESHEIM, P.J. Town & Country Waste Service, Inc. (Town & Country) appeals from a forfeiture judgment in the amount of $11,301 resulting from eight vehicle weight violations under ch. 348, Stats. The major issue on appeal is whether the circuit court properly calculated the forfeitures assessed against Town & Country. We conclude that the forfeitures were properly calculated.

## THE PENALTY SCHEME OF CHAPTER 348

Chapter 348 of the Wisconsin Statutes governs the size, weight and load of vehicles traveling on Wisconsin

roadways. Sections 348.15 and 348.16 impose weight limits on vehicles traveling on Wisconsin class "A" and class "B" highways. Section 348.02(3), Stats., provides that a vehicle owner who permits or causes the vehicle to be operated in violation of the statute is guilty of the violation. The amount of the penalty depends upon the number of pounds by which the vehicle exceeds the statutorily-prescribed weight limit: the greater the excess, the greater the penalty. Section 348.21, Stats. In addition, the statute provides enhanced penalties for repeat violations. *Id.*

An owner may obtain a Wisconsin Department of Transportation (DOT) permit which allows a vehicle to exceed the maximum statutory weight limits *to the extent recited in the permit.* Sections 348.25, 348.26 and 348.27, Stats. *See also* Wis. Adm. Code ch. **Trans. 250.** The DOT may impose reasonable conditions as a prerequisite to the granting of a permit and reasonable rules for the operation of a vehicle covered by the permit. Section 348.25(3). Therefore, where a permit has been issued, the owner is conditionally exempt from the weight restrictions of ch. 348, Stats., so long as the vehicle is operated within the weight restrictions of the permit.

If an owner violates the permit's weight restriction but otherwise complies with the permit's other conditions, computation of the forfeiture penalty is measured from the weight restriction *authorized in the permit.* Section 348.25(2)(b), Stats. However, if the permit's weight restriction is accompanied by a violation of a permit condition, computation of the forfeiture penalty is *measured from the weight restriction recited in the statute.* Section 348.25(2)(a). This latter computation can result in a substantially greater forfeiture. Such occurred in this case; thus Town & Country's appeal.

## THE FACTS

Town & Country operates a waste disposal hauling service and owns all of the refuse-hauling vehicles involved in this case. Town & Country's operation of these vehicles was pursuant to permits issued by the DOT.[1]

Between November 8, 1988 and November 22, 1988, Town of East Troy Police Officer Marshall Neider issued various overweight citations to Town & Country vehicles.[2] Because these alleged permit weight violations were also accompanied by one or more alleged permit condition violations, Officer Neider computed the bond forfeiture on the uniform traffic citations pursuant to the statutory weight restrictions—not those recited in Town & Country's permit. However, the citations did not expressly allege the violation of any applicable condition.

## PROCEDURAL HISTORY

Town & Country contested the charges and the matter proceeded to trial in the East Troy municipal court.[3] There, the municipal judge dismissed two of the citations, found Town & Country guilty of the remaining charges and imposed forfeitures totaling $2066.16. These penalties were calculated on the basis of the permit's

[1]The appellate record does not include the actual permits nor the actual language of the permit conditions at issue on this appeal. The parties, however, do not dispute the existence of the permits or conditions; nor is the language of the conditions the appellate issue.

[2]Chapter 6 of the Town of East Troy Ordinances adopts ch. 348 of the Wisconsin Statutes.

[3]Two other overweight charges not germane to this appeal were not contested by Town & Country.

weight restrictions rather than the statutory weight restrictions. The municipal court reasoned that sec. 348.25(2)(b), Stats., requires proof of at least two permit condition violations before a forfeiture computed under the statute's weight restrictions applies.

East Troy appealed to the circuit court, requesting a trial *de novo, see* sec. 800.14(4), Stats., on the two dismissed charges and a review on the record as to the remaining charges. Town & Country responded with a trial *de novo* request on the latter charges. Therefore, the circuit court conducted a full trial *de novo* on all appealed charges.

Following a bench trial, the circuit court found Town & Country guilty of all the charges and imposed forfeitures computed on the basis of the statutory weight restrictions, resulting in a substantially greater forfeiture judgment—$11,301. The court ruled that: (1) East Troy was not required to establish multiple permit condition violations in order to seek forfeitures based on the statutory weight restrictions; (2) East Troy was not required to formally plead and prove the permit condition violations; and (3) the manufacturer's rated tire capacity as embossed on the sidewall of the tire was the legal standard for violations related to such charges. Town & Country appeals.

## DISCUSSION

Town & Country contends the forfeitures were improperly computed and imposed because: (1) permit condition violations are penalty enhancers which must be formally pled and proven; (2) the citations failed to give sufficient notice, consistent with due process of law, of the alleged permit condition violations; (3) East Troy failed to prove two or more permit condition violations

as to each violation; and, alternatively, (4) permit condition violations apply only to *non-weight* conditions.

In addition, because a number of the citations in this case present the question of whether Town & Country violated the manufacturer's rated tire capacity Town & Country claims that the test should not be the manufacturer's tire capacity as embossed on the tire itself. Rather, it contends that the test is a variable one, depending upon attendant operating conditions. We reject all of Town & Country's arguments and affirm the forfeiture judgment.

## A. Standard of Review

The facts of this case are not in dispute. The crux of Town & Country's issues is the construction of the relevant statutes in ch. 348, Stats., governing vehicle weight restrictions and the computations of penalties for violations of those restrictions. Construction of a statute is a question of law. *State v. Michels,* 141 Wis. 2d 81, 87, 414 N.W.2d 311, 313 (Ct. App. 1987).[4] So also is the application of a statute to undisputed facts. *City of Milwaukee v. Greenberg,* 157 Wis. 2d 326, 329, 459 N.W.2d 588, 590 (Ct. App. 1990). We review such questions without deference to the trial court's decision. *Michels,* 141 Wis. 2d at 87, 414 N.W.2d at 313.

---

[4]The amicus brief submitted by the Wisconsin Department of Transportation argues for a more deferential standard of review in light of the agency's administrative experience, technical competence, and specialized knowledge. Section 227.57(10), Stats. However, this standard of review applies in judicial review proceedings of administrative agency actions. *Id.* This is not such a case. Instead, we directly review the *de novo* trial proceedings conducted in the circuit court.

### B. Permit Condition Violations
### 1. Computation of the Penalty

Section 348.25(2), Stats., provides:

(a) Vehicles or articles transported under permit are exempt from the restrictions and limitations imposed by this chapter on size, weight and load to the extent stated in the permit. Except as provided in par. (b), any person who *violates a condition of a permit* under which he is operating is subject to the same penalties as would be applicable if he were operating without a permit.

(b) If an overweight permit has been obtained under s. 348.26 or 348.27, and the vehicle exceeds the weight stated in the permit, any overweight violation shall be computed on the basis of the weight authorized in the permit. The amount of the forfeiture for overweight violations determined under this paragraph shall be calculated as provided in s. 348.21(3). *This paragraph does not apply if any other conditions of an overweight permit are violated.* [Emphasis added.]

Town & Country argues that the statutory scheme imposes an enhanced penalty. As such, Town & Country argues that permit condition violations must be formally pled and proven. *See State v. Midell,* 40 Wis. 2d 516, 527, 162 N.W.2d 54, 59 (1968). Town & Country further argues that a conviction for a permit condition violation must be first obtained as a predicate to a prosecution for the underlying weight restriction violation. We disagree.

The statutory penalty scheme is not designed to deter *repeated* acts of the same undesirable conduct, *see State v. Banks,* 105 Wis. 2d 32, 49, 313 N.W.2d 67, 75 (1981), for no prior conviction is required. Instead, such a computation rests only upon the determination that a

702

condition in the permit has been violated. In such a case, the privilege of a penalty computation based on permit weight is forfeited. Therefore, this portion of the statute is not a penalty enhancer.[5]

In addition, a permit condition does not necessarily constitute a statutory offense for which a conviction can be obtained. For instance, all garbage or refuse vehicle permits must impose speed restrictions of 55 miles per hour on highways with more than one lane available for traffic in each direction and 45 miles per hour on all other highways. *See* Wis. Adm. Code sec. **Trans 269.07(11)**. A violation of such a condition is not an independent substantive vehicle code offense and cannot serve as the basis for any conviction known to the law.

In conclusion, the statute simply provides the trial court with the procedure and mechanism for computing the proper forfeiture penalty. If the overweight violation is proved at trial or by a guilty or no contest plea, the court then determines as part of the penalty phase if a condition of the permit was also violated. If not, the penalty is computed on the basis of the weight restriction stated in the permit. If so, the penalty is computed on the basis of the weight restriction stated in the statute.

## 2. Due Process

Next, Town & Country argues that its right to procedural due process was violated because the uniform traffic citations failed to advise that the penalties would be computed on the basis of the weight restrictions recited in the statute—not those recited in the permit. Stated somewhat differently, Town & Country contends

---

[5]Chapter 348, Stats., does provide penalty enhancers in other sections not germane to this appeal. *See* sec. 348.21(3)(b)2.

that the citations, besides alleging the underlying weight restriction offense, must also allege that East Troy was seeking forfeitures based on permit condition violations. We disagree.

Due process requires that a person have notice of the offense and the opportunity to be heard at a meaningful time and in a meaningful manner. *State v. Nordness,* 128 Wis. 2d 15, 34, 381 N.W.2d 300, 308 (1986). As to notice, due process focuses on the reasonableness of the means of notice chosen by the government. *Estate of Wolff v. Town Board of Town of Weston,* 156 Wis. 2d 588, 592, 457 N.W.2d 510, 511 (Ct. App. 1990). "The very nature of due process negates any concept of inflexible procedures universally applicable to every imaginable situation." *Id.* Whether a due process violation has occurred presents a constitutional question; the application of constitutional principles to the facts of a case is subject to independent appellate review. *Farrell v. John Deere Co.,* 151 Wis. 2d 45, 62, 443 N.W.2d 50, 55 (Ct. App. 1989).[6]

Much of our discussion on the preceding issue applies here. As we noted above, the penalty mechanism and procedures set forth in sec. 348.25(2), Stats., do not relate to the underlying substantive charge. Town & Country makes no complaint about the adequacy of the notice concerning the underlying offense. We conclude that procedural due process does not extend to notifying a defendant of a penalty computation method already set out in the statutes.

---

[6]The uniform traffic citation adequately provides notice for purposes of conferring personal jurisdiction in forfeiture proceedings. *State v. Mudgett,* 99 Wis. 2d 525, 528, 299 N.W.2d 621, 623 (Ct. App. 1980).

More importantly, the penalties which East Troy sought against Town & Country were recited on the face of each citation and were computed by Officer Neider on the premise that Town & Country had violated a permit condition. *Thus, the citations recited forfeitures based upon the statute's weight restrictions—not the permit's weight restrictions.* This, we conclude, gave Town & Country adequate notice that the statute's weight restrictions were the basis for the penalty sought.

3. Number And Type Of Permit Condition Violations

Section 348.25(2)(b), Stats., states that the amount of forfeiture for an overweight violation shall be based on the weight authorized in the permit unless *"any other conditions* of an overweight permit are violated." *Id.* (emphasis added). Town & Country argues that this statutory language contemplates the plural, meaning that at least two non-weight-related permit conditions must be established before the higher forfeitures under the statute's weight restrictions can be imposed. We disagree.

Here again we must construe the statute. In construing a statute the primary source is the language of the statute itself; in determining the meaning of words in a statute, we examine them in light of the entire statute. *Reynolds v. Waukesha County Park & Planning Comm'n,* 109 Wis. 2d 56, 62, 324 N.W.2d 897, 900 (Ct. App. 1982). In the absence of ambiguity, we do not resort to rules of interpretation or construction. *In re Haskins,* 101 Wis. 2d 176, 186, 304 N.W.2d 125, 130 (Ct. App. 1980). However, we may look to the dictionary to ascertain the common and ordinary meaning of non-technical

words or phrases. *Silas v. Percy,* 85 Wis. 2d 716, 718–19, 271 N.W.2d 171, 173 (Ct. App. 1978).

We conclude that the statute on its face conveys its clear meaning of the phrase "any other conditions." The dictionary defines the word "any" as "one indifferently out of more than two." Webster's Third New International Dictionary 97 (1976). The dictionary defines "other" as "being the ones distinct from the one or those first mentioned or understood—used with a plural noun." *Id.* at 1598. Viewed in this light, the phrase "any other conditions" clearly connotes that one violation of a permit condition triggers a penalty computation based upon the statute's weight restrictions.

Town & Country also makes a lengthy argument that the phrase "any other conditions" contemplates only non-weight conditions stated in the permit. We resolve this issue with one direct statement: the statute says "any . . . conditions"; no limitations or qualifications as to the type of violation are stated or suggested.

## MANUFACTURER'S RATED WEIGHT-CARRYING CAPACITY

A number of the citations in this case raised the question of whether Town & Country violated the manufacturer's rated weight-carrying capacity. *See* sec. 348.15(3)(b), Stats., and Wis. Adm. Code sec. **Trans 251.05(1)(a).** East Troy argues that the manufacturer's rated weight-carrying capacity as embossed on the side of the tire was the proper standard to apply. Town & Country contends that the phrase "manufacturer's rated weight-carrying capacity" has a technical meaning within the trucking field. In support, Town & Country cites its expert testimony which essentially con-

tended that weight-carrying capacity varies from vehicle to vehicle depending upon operating conditions (e.g., speed, duration of travel, tire pressure).[7] The trial court rejected this case-by-case approach. So also do we.

The use of the standard embossed on the side of the tire gives a commonsense meaning to the statute and administrative rule. It provides a practical, readily ascertainable standard to which each vehicle owner must adhere. Town & Country's approach suggests that the meaning of "manufacturer's rated weight-carrying capacity" would vary from case to case. Not only is such a standard unworkable, but it raises serious constitutional vagueness questions. For these reasons, we agree with the trial court that the proper standard to use in determining the manufacturer's rated weight-carrying capacity is that very information embossed on the side of the tire. As the trial court aptly observed, Town & Country's *ad hoc* standard represents no standard at all.

---

[7]We question whether an expert is qualified to give testimony on the meaning of a statute or administrative rule. This is an exercise for judges and lawyers; not others.

Nor do we agree with Town & Country that sec. 990.01(1), Stats., providing that technical words and phrases having a peculiar meaning in the law should be construed according to such meaning, requires the adoption of its expert's testimony. The statute applies to technical words and phrases that have *a peculiar meaning in the law*—not in some other field. No peculiar meaning of "manufacturer's rated weight-carrying capacity" exists in the law. Thus, we use conventional rules of statutory construction to define this phrase.

## NOTICE OF ENTRY OF JUDGMENT

Town & Country next argues that because East Troy's notice of entry of judgment recited an incorrect date of judgment reversal is required. We disagree.

██

The trial court rendered its decision on November 8, 1989, and judgment was entered on December 11. On December 13, Town & Country moved for reconsideration of the trial court's rulings. The next day, December 14, East Troy gave Town & Country notice of entry of judgment which recited an incorrect date—December 7—as the judgment date. In fact, the judgment had been rendered four days later—December 11. Regardless, Town & Country timely took this appeal on January 24, 1990.

On appeal, Town & Country complains that it was forced to take this appeal for "protective" purposes and that the erroneous date precluded the trial court's full consideration of the reconsideration motion. The record does not support this claim. Despite the pending appeal, both parties submitted briefs on the reconsideration request and on February 24, the trial court denied Town & Country's motion for reconsideration. The erroneous date recited in the notice of entry of judgment was a harmless misstatement.

*By the Court.*—Judgment affirmed.