Allan D. SCHOPPER, Plaintiff-Appellant,

v.

Sheriff Brad GEHRING, Defendant-Respondent.

Court of Appeals

*No. 96–2782. Submitted on briefs March 4, 1997.—Decided April 15, 1997.*

(Also reported in 565 N.W.2d 187.)

For the plaintiff-appellant the cause was submitted on the brief of *Gary J. Schmidt* of *Grand Kaukaulin Legal Services*, Kaukauna, and a reply brief by *Allan Schopper*.

For the defendant-respondent the cause was submitted on the brief of *Peter M. Farb* of *Gabert, Williams & Farb*, Appleton.

Before LaRocque, Myse and Mangerson,[1] JJ.

MYSE, J. Allan D. Schopper appeals an order dismissing his complaint filed under the open records law seeking to obtain a three-hour interval of 911 calls recorded by the Outagamie County Sheriff's Department on November 29, 1995. Schopper contends that the trial court erred by granting summary judgment dismissing his complaint based upon a denial of his open records request because he failed to receive adequate notice of the hearing on the motions to dismiss and the trial court's determination that the request was impermissibly broad was erroneous. We conclude that Schopper received adequate notice of the motion hearing and the court correctly determined that Schopper's open records request lacked a reasonable limitation as to the subject and length of time for the records requested.

Allan Schopper was arrested for a traffic violation on November 29, 1995. Schopper requested a copy of the 911 calls received by the Outagamie County Sheriff's Department for the night of Schopper's arrest. This request was made to the Outagamie County Corporation Counsel, Joseph Guidote. A second written request for the information was filed at the office of the Outagamie County Sheriff's Department after the corporation counsel failed to respond to the request filed with him. Because 911 calls are recorded on sixty channels, the sheriff responded that

---

[1] Circuit Judge Mark A. Mangerson is sitting by special assignment pursuant to the Judicial Exchange Program.

Schopper's request was too broad and that he would have to narrow or clarify the scope of his request before it could be acted upon. A letter requesting Schopper narrow his request suggested that he identify specific times of the transmissions he was seeking or that he identify a specific incident to which the transmissions would relate. Despite the letter from the sheriff's department that Schopper limit or clarify his request, no modification of the initially filed request was ever received by the sheriff's department. When the sheriff's department failed to provide the requested information, Schopper filed a civil suit seeking an order compelling the release of the information under the open records law.

On July 11, 1996, the court sent notice to Schopper that it would hear a motion in his case at 8:30 a.m. on July 25, 1996. Schopper does not deny receiving the court's notice and admits receiving notice from an opposing attorney for a second motion to dismiss on July 19. Although Schopper appeared at the time scheduled for hearing, his counsel did not. The trial court determined that the request was overbroad and ordered dismissal of the open records lawsuit.

██ Schopper first contends that the trial court erred by dismissing his open records claim. This issue involves an application of undisputed facts to the provisions of a statute. Accordingly, we review this issue without deference to the trial court's determination. *State v. Keith*, 175 Wis. 2d 75, 78, 498 N.W.2d 865, 866 (Ct. App. 1993). Schopper's request included "a certain dispatch tape dated 11/29/95 to contain the actual audio spoken and times of dispatches in order uncut or edited in any way from 1:00 a.m. to 4:00 a.m. on 11/29/95." The open records

law provides that "a request for a record without a reasonable limitation as to subject matter or length of time represented by the record does not constitute a sufficient request." Section 19.35(1)(h), STATS. Schopper requested three hours of tape on each of the sheriff's department's sixty 911 channels which constituted 180 hours of audiotape. Schopper also requested a transcript to be prepared for each of the tapes and a log identifying the time of each transmission. Applying the provisions of § 19.35(1)(h), the trial court determined that the request was unreasonably burdensome as well as overbroad and ordered the complaint dismissed.

We start our analysis of this issue by noting the parties do not raise the question whether the 911 tapes recorded by the sheriff's department are subject to an open records request. Because the issue was not raised, we do not address it. The evidence is undisputed that 911 tapes in Outagamie County are made from sixty channels of transmissions. It is also undisputed that Schopper requested a log of each transmission detailing the time and the order in which the transmissions were received and three hours of 911 transmissions received during the hours of 1 to 4 a.m. on November 29, 1995. This request necessarily requires a transcription of 180 hours of tape, preparation of the requested log and the copying of 180 hours of tape. Despite the sheriff's department request that the request be limited to either a specific time frame or a specific event, Schopper declined to modify his request for three hours of unaltered tape on the sixty channels that were in the sheriff's department's possession.

We agree that to require a custodian of a record to engage in the copying 180 hours of tape and the creation of a log to identify the time and the order in which the transmissions were received represent a burden far beyond that which may reasonably be required of a custodian of a public record. "[A] request for a record without a reasonable limitation as to subject matter or length of time represented by the record does not constitute a sufficient request." Section 19.35(1)(h), STATS. While this state favors the opening of public records to public scrutiny, we may not in furtherance of this policy create a system that would so burden the records custodian that the normal functioning of the office would be severely impaired. Here, Schopper's request was far in excess of that which was necessary for his announced purpose. Because he could reasonably have limited his request but failed to do so, and because the request placed an unreasonable burden upon the custodian in preparation of the documents necessary to fulfill the request, we conclude that the court did not err by finding the request to be so over broad as to be inadequate under the open records law. We therefore conclude the trial court properly ordered the dismissal of Schopper's open record complaint.

█

Schopper next argues that he was denied procedural due process because he received inadequate notice of the scheduled hearing on the motion to dismiss his open record complaint. Such a contention raises an issue of constitutional fact which is reviewed by this court without deference to the trial court's determination. *State v. Pheil*, 152 Wis. 2d 523, 529, 449 N.W.2d 858, 861 (Ct. App. 1989). Due process requires notice and "the opportunity to be heard at a meaningful

time and in a meaningful manner." *East Troy v. Town & Country Waste Serv.*, 159 Wis. 2d 694, 704, 465 N.W.2d 510, 515 (Ct. App. 1990). "As to notice, due process focuses on the reasonableness of the means of notice chosen by the government." *Id.*

We conclude that the July 11 notice was sufficient to adequately apprise Schopper and his counsel that a hearing was to be held before the court in regard to this request. Schopper does not deny receiving notice of a motion to dismiss from the Outagamie County corporation counsel mailed on July 11. Schopper also received notice of the nature of the hearing from another opposing attorney on July 19. While the notice sent by the court did not specifically refer to the county's motion to dismiss, the caption of the case, the nature of the notice and the fact that motions to dismiss were pending were sufficient to advise Schopper, under the circumstances, as to the nature of the hearing. On appeal, Schopper does not assert that he could have produced additional evidence if he had been given more time. We conclude that under the circumstances of this case, the information was sufficient to apprise Schopper that a hearing before the court was to be held.

Schopper also argues that the notice he received was legally insufficient because it failed to meet the time requirements of § 801.15(4), STATS., which requires five days' notice for a hearing on a motion. Schopper argues that because the notice was received and a weekend intervened, the statutory provision that weekends are not included in the calculation of time is applicable and that the notice was received less than

five days in advance.[2] Schopper also argues that the motion to dismiss was really one for summary judgment.

Schopper's notice argument must fail for several reasons. First, the court and not a party scheduled the motion to dismiss. The trial court has the inherent power to control its calendar and scheduling. *Neylan v. Vorwald*, 124 Wis. 2d 85, 94, 368 N.W.2d 648, 653 (1985). Trial courts have discretion to shorten the five-day notice requirement for motions. *Seep v. State Personnel Comm'n*, 140 Wis. 2d 32, 38, 409 N.W.2d 142, 144 (Ct. App. 1987). We, therefore, conclude that the statutory provisions for notice time required for motions do not limit the trial court's ability to schedule a motion so long as each party has a fair opportunity to prepare and be heard.

Second, even if the statutory notice requirements applied to a court scheduling a motion hearing, Schopper received adequate notice. The record discloses that the court sent Schopper a notice of hearing on July 11 and on the same day notice of the motion to dismiss of the Outagamie corporation counsel was mailed to Schopper. It is presumed that he received this notice within three days, § 801.15(5)(a), STATS., and Schopper has not denied receiving these

---

[2] "[I]n computing any period of time prescribed or allowed by chs. 801 to 847, by any other statute governing actions and special proceedings, or by order of court, the day of the act, event or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a day the clerk of courts office is closed. When the period of time prescribed or allowed is less than 11 days, Saturdays, Sundays and holidays shall be excluded in the computation."

Section 801.15(1)(b), STATS.

notices in a timely fashion. The notices sent on July 11 scheduling a hearing on July 25 gave Schopper more than the statutorily required five-day notice.

Even if we were to disregard the July 11 notice of the corporation counsel, the July 19 notice would be sufficient. Trial courts have discretion to shorten the five-day notice requirement. *Seep*, 140 Wis. 2d at 38, 409 N.W.2d at 144. The trial court's exercise of discretion will be upheld unless there was no reasonable basis for the trial court's decision. *Wisconsin Public Serv. Corp. v. Krist*, 104 Wis. 2d 381, 395, 311 N.W.2d 624, 631 (1981). Here, the trial court reasonably determined that Schopper had adequate notice of the hearing, because the trial court had given Schopper fourteen-day notice that a hearing would be held. This is a sufficient basis for the court to waive the five-day notice requirement and is a reasonable exercise of the trial court's discretion.

We note that the trial court converted the motions to dismiss into motions for summary judgment. Trial courts have the authority to convert a motion to dismiss into a motion for summary judgment when matters outside the pleadings are considered. *Envirologix Corp. v. City of Waukesha*, 192 Wis. 2d 277, 287, 531 N.W.2d 357, 362 (Ct. App. 1995); § 802.06(2), STATS. One of the motions to dismiss had an attached affidavit from a sheriff's sergeant and the court looked at the entire record when dismissing the case. Included in the record was an affidavit Schopper had prepared for the hearing. Although the time requirements for notice are different for motions to dismiss than for motions for summary judgment, this motion was originally noticed as a motion to dismiss and the trial court correctly exercised its discretion by converting the motion to dismiss into one for summary judgment.

Schopper raises a third issue in regard to the ability of the corporation counsel to participate in the hearing and to move for summary judgment. Schopper contends that the corporation counsel was a necessary witness because the original request for the public records was filed with him and therefore he should not have been allowed to participate as counsel for any of the parties. This matter was not raised to the trial court. Issues not raised before the trial court will not be considered on appeal. *Wirth v. Ehly*, 93 Wis. 2d 433, 443-44, 287 N.W.2d 140, 145-56 (1980). Therefore, we will not consider this contention.

We conclude that Schopper received adequate notice of the hearing and that the trial court correctly determined that Schopper's open records request was overbroad.

*By the Court.*—Judgment affirmed.