COURT OF APPEALS
DECISION
DATED AND FILED

October 14, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2020AP985**

Cir. Ct. No. **2019CV1762**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

WAUKESHA MUNICIPAL COURT,

PLAINTIFF-RESPONDENT,

V.

ISAAC GICHURU KINUTHIA,

DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Waukesha County: MARIA S. LAZAR, Judge. *Affirmed*.

¶1    DAVIS, J.[1]  This case concerns a challenge to a speeding ticket. That challenge has generated a contested municipal court trial resulting in a guilty

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(c) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version.

verdict, a trial court transcript review prompting a detailed, meticulously supported written decision, and, finally, this appeal, which led to a fully developed response by the City of Waukesha—all in the service of addressing a litany of undeveloped and often incomprehensible arguments against a routine and, as will be shown, fully justified traffic citation. Never has the invocation of Justice Robert Hansen's familiar "performing bear" metaphor[2] felt more appropriate.

¶2　　Isaac Kinuthia, appearing pro se, raises a grab-bag of issues but ignores two fundamental tenets of trial and appellate practice: we generally do not consider issues raised for the first time on appeal or argued solely in broad and conclusory terms. Defendants—even those, like Kinuthia, who are unrepresented and presumably untrained in the law—must present their case first and fully to the court below and must detail their arguments with some specificity. Accordingly, we will use this case as an opportunity to remind litigants of the standards for preserving and raising issues on appeal.

¶3　　Kinuthia received a ticket from the City of Waukesha for driving over the posted speed limit, in violation of a local ordinance adopting WIS. STAT. § 346.57(5) ("no person shall drive a vehicle in excess of any speed limit established pursuant to law … and indicated by official signs"). Kinuthia contested the ticket and a trial was held in municipal court, at which Nicholas Hendriksen, the ticketing officer, testified.

---

[2] "An appellate court is not a performing bear, required to dance to each and every tune played on an appeal." *State v. Waste Mgmt. of Wis., Inc.*, 81 Wis. 2d 555, 564, 261 N.W.2d 147 (1978), *superseded by statute on other grounds as recognized in* **State v. Curtis**, 218 Wis. 2d 550, 554, 582 N.W.2d 409 (1998).

¶4 Hendriksen explained that he was trained to detect speeding violations both by eye and with lidar device (lidar is similar to radar and is used to determine vehicle speed). On the day of the ticket, Hendriksen's lidar was tested and was working correctly. Hendriksen was parked at an intersection when he observed Kinuthia's blue vehicle driving "at an extremely high rate of speed." He used lidar to confirm the vehicle's speed at forty-five miles per hour, well over the twenty-five mile-per-hour limit. Three speed signs were posted in the area, including one "right where [Hendriksen] was parked." There were no obstructions between Hendriksen and Kinuthia's cars, so Hendriksen was easily able to measure speed.

¶5 Kinuthia drove past Hendriksen; Hendriksen pulled into traffic and followed directly behind Kinuthia for about one to one and one-half miles. Hendriksen stated that he followed Kinuthia because it was unsafe to conduct the traffic stop at the original location. Hendriksen also wanted to look up the vehicle's registration to see if the owner had any outstanding warrants. Once Hendriksen received that information, he pulled the car over and issued a speeding ticket to Kinuthia, the driver. Hendriksen never lost sight of Kinuthia's vehicle during the drive, and in his mind, there was no question that the car traveling over the speed limit was the same car that he eventually pulled over and ticketed.

¶6 At trial, the City played a tape from Hendriksen's squad car video camera. Hendriksen explained that the camera only saved footage starting thirty seconds before the car's emergency lights were activated. Therefore, the camera did not record Kinuthia's vehicle from the vantage of Hendriksen's original location, since it was several minutes before Hendriksen turned on his emergency lights to initiate the traffic stop. On cross-examination, Kinuthia asked Hendriksen whether another blue vehicle, also captured in the video, could have

been the speeder. Hendriksen replied that he was "100 percent confident" that he did not mistakenly cite the wrong vehicle, telling Kinuthia, "I saw your vehicle come down the road, I observed your vehicle, I confirmed it with [lidar], I saw your vehicle drive past me, I pulled out directly behind you, I followed you until I stopped your car."

¶7    Kinuthia also testified. He stated that "the only reason [he disagreed] with the citation" was that he "couldn't recall" whether he had been speeding, given that he was pulled over some distance from where Hendriksen observed him speeding. He believed that the City had not proved its case because the video did not show him speeding and because, in his view, Hendriksen was required to immediately pull him over after measuring his speed. Kinuthia further argued that the City could not prove that he, and not the other blue car, was the speeder.

¶8    The municipal court found that Kinuthia violated the speeding ordinance. Kinuthia appealed, requesting a transcript review by the trial court. The trial court affirmed in a thorough written opinion, and this appeal followed.

¶9    Kinuthia presents numerous arguments on appeal, three of which are raised for the first time. Kinuthia appears to argue that: (1) the municipal ordinance and state speeding statute are unconstitutionally vague, (2) these laws were enforced against him in a discriminatory manner, and (3) the manner in which Hendriksen conducted the traffic stop violated his Fourth Amendment rights. The problem is that none of these issues were presented below.

¶10    It is a "fundamental principle of appellate review" that issues—even constitutional issues—not preserved below are deemed waived[3] on appeal. ***State v. Huebner***, 2000 WI 59, ¶10, 235 Wis. 2d 486, 611 N.W.2d 727. This "waiver rule" is "an essential principle of the orderly administration of justice" and serves several important purposes, including permitting the trial court to correct the alleged error, promoting diligent trial preparation, and allowing for the full development of the factual record. ***Id.***, ¶¶11-12; *see also* ***Wirth v. Ehly***, 93 Wis. 2d 433, 443-44, 287 N.W.2d 140 (1980), *superseded by statute on other grounds as recognized in* ***Wilson v. Waukesha County***, 157 Wis. 2d 790, 797, 460 N.W.2d 830 (Ct. App. 1990). We may choose to disregard this rule and reach the merits in "exceptional cases," but we generally do not consider waived issues. ***Village of Trempealeau v. Mikrut***, 2004 WI 79, ¶17, 273 Wis. 2d 76, 681 N.W.2d 190.

¶11    For several reasons, we decline to address Kinuthia's waived arguments. Kinuthia's selective prosecution (discriminatory policing) claim presents questions of fact that were not raised or resolved below; as we are not a fact-finding court, we lack the capacity to decide this argument now. *Cf.* ***Wirth***, 93 Wis. 2d at 444 (finding an exception to the waiver rule because "all new issues raised are legal questions, the parties have thoroughly briefed the issues and there are no disputed issues of fact"). None of Kinuthia's arguments raise unique or compelling questions of law that warrant a decision on the merits. And by

---

[3] Strictly speaking, Kinuthia's failure to raise these arguments below is a forfeiture (a "failure to make the timely assertion of a right") and not a waiver (an "intentional relinquishment or abandonment of a known right"). *See* ***United States v. Olano***, 507 U.S. 725, 733 (1993). Our courts at times have used the terms interchangeably, and we do so here. *See* ***State v. Huebner***, 2000 WI 59, ¶11 n.2, 235 Wis. 2d 486, 611 N.W.2d 727.

5

declining to consider these new arguments, we encourage "the orderly administration of justice." *See **Huebner***, 235 Wis. 2d 486, ¶11. A trial "is the 'main event,' and not simply a 'tryout on the road' to appellate review." ***Freytag v. Commissioner of Internal Rev.***, 501 U.S. 868, 895 (1991) (Scalia, J., concurring) (citation omitted). Thus, we generally require even those litigants afforded "a degree of leeway" by virtue of their pro se status to present to the trial court all arguments discoverable "with reasonable diligence." *Cf. **State ex rel. Wren v. Richardson***, 2019 WI 110, ¶25, 389 Wis. 2d 516, 936 N.W.2d 587 (citation omitted) (applying this principle to postconviction and appellate proceedings). Kinuthia was given every reasonable opportunity to present his case to the municipal court. For reasons of fairness in the present case, and to encourage efficiency in future cases, we will not decide issues that Kinuthia originally chose not to pursue.

¶12 Kinuthia's remaining arguments fall into two buckets. First, Kinuthia alleges that he was denied procedural due process at the municipal court. Some of these due process arguments, however, are unsupported by cites to the record and are vague to the point of being unintelligible. Accordingly, we will not consider them. *See **State v. McMorris***, 2007 WI 231, ¶30, 306 Wis. 2d 79, 742 N.W.2d 322 ("we may choose not to consider … arguments that lack proper citations to the record"); ***Riley v. Town of Hamilton***, 153 Wis. 2d 582, 588, 451 N.W.2d 454 (Ct. App. 1989) (we do not consider "conclusory proposition[s]" that "are not specifically argued").

¶13 The rest of Kinuthia's due process arguments concern several related reasons why he was allegedly denied notice of the offense and the opportunity to be meaningfully heard. *See **Town of East Troy v. Town & Country Waste Serv., Inc.***, 159 Wis. 2d 694, 704, 465 N.W.2d 510 (Ct. App. 1990). Immediately prior

to trial, Kinuthia complained to the municipal court that he had not received a copy of the video from Hendriksen's squad car. The City explained that it had previously told Kinuthia that he would need to pay for the cost of a copy; Kinuthia had replied that he did not want to pay. The court then offered Kinuthia a continuance, presumably so that he could buy a copy and prepare for trial. Kinuthia declined the offer, and the trial proceeded. At the close of trial, Kinuthia requested that the court put off sentencing so that he could gather additional evidence about the blue vehicle in the video. The court responded, "today was your day in court," and told Kinuthia that he had already been given the opportunity to present evidence.

¶14     Based on these events, Kinuthia argues that the municipal court "exclu[ded] … proffered evidence," "[p]revented presentation of testimony that may corroborate claims," and "violated due process in not allowing … me a continuance to investigate the other blue vehicle." He further alleges that the prosecutor violated his rights by asking him to pay for the video and by "trying to get me to plead guilty during discovery, by stating that the … video evidence shows me speeding … [when] [t]he video played at the hearing shows no speeding violations." These arguments are meritless: none of the above-described actions by the court and prosecutor violated professional norms or even common courtesy, much less Kinuthia's due process rights. Kinuthia was not entitled to a free copy of the video, yet in the face of his repeated assertions to the contrary, the trial court offered him a continuance, which he very clearly declined. *See* WIS. STAT. § 800.07 (the applicable discovery statute, providing no right to discovery free of charge). Kinuthia received a trial, so even assuming the prosecutor "tr[ied] to get [him] to plead guilty," he was not denied due process. And the trial court

correctly cut off Kinuthia's argument and presentation of further evidence because it had already rendered a decision.

¶15 Kinuthia next argues that clear, satisfactory, and convincing evidence did not support that decision. *See* WIS. STAT. § 800.08(3). We disagree. Hendriksen's testimony left little doubt that Kinuthia, and not the mysterious other blue vehicle, was the speeder. Kinuthia's testimony, in fact, did not refute this point, as he himself "couldn't recall" whether he had been speeding. On appeal, Kinuthia appears to argue that video evidence of him speeding was required. He further argues that the municipal court should have found in his favor because Hendriksen was not permitted to follow him for one and one-half miles before ticketing him. These are not correct statements of the law, and as Kinuthia does not cite to authority on these points, we address them no further. The evidence at trial amply supported the municipal court's conclusion that Kinuthia violated the local speeding ordinance.

> *By the Court.*—Order affirmed.

> This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.