COURT OF APPEALS
DECISION
DATED AND FILED

February 8, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2023AP1002**

STATE OF WISCONSIN

Cir. Ct. No.  2018CV3122

IN COURT OF APPEALS
DISTRICT IV

---

LEONARD POZNER,

  PLAINTIFF-RESPONDENT,

 V.

JAMES FETZER,

  DEFENDANT-APPELLANT.

---

APPEAL from an order of the circuit court for Dane County: FRANK D. REMINGTON, Judge. *Reversed and cause remanded for further proceedings*.

Before Kloppenburg, P.J., Blanchard, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.  Leonard Pozner obtained a civil judgment against James Fetzer in December 2019.  Seeking partial satisfaction, Pozner initiated this non-earnings garnishment action against Fetzer in December 2022, naming as garnishees three financial institutions that held accounts for Fetzer.  In March 2023, the circuit court held an incomplete hearing at which some evidence was taken but little was resolved.  At the close of this hearing the court indicated that the hearing was to be reconvened if Pozner wanted to continue to pursue this action.  In April 2023, Pozner filed a motion seeking an order requiring the garnishees to distribute to him $2,004.46, based in part on identified deposits at one of the garnishees.  The circuit court issued a garnishment order requiring the garnishees to pay Pozner the amount that he requested, without first reconvening the hearing or otherwise calling for or receiving a response from Fetzer.  Further, the court issued this order at a time that the parties agree was fewer than five days after Pozner filed the motion.  In this appeal, Fetzer, pro se, challenges the garnishment order.

¶2     We conclude that one of Fetzer's arguments is dispositive and requires reversal.  He argues that the circuit court erroneously exercised its discretion and violated WIS. STAT. § 801.15(4) (2021-22)[1] by issuing the

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

WISCONSIN STAT. § 801.15(4), located in a statute addressing the calculation time periods, states in pertinent part:

> A written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than 5 days before the time specified for the hearing, unless a different period is fixed by statute or by order of the court.  Such an order may for cause shown be made on ex parte motion….  All written motions shall be heard on notice unless a statute or rule permits the motion to be heard ex parte.

challenged garnishment order fewer than five days after Pozner filed the motion for distribution of funds and without giving Fetzer an opportunity to object to the specific deposits that Pozner claims are subject to, and not exempted from, garnishment. Based on the events as they unfolded, we conclude that Fetzer reasonably relied on the court's indication that Fetzer would have an opportunity to make arguments, which could possibly have merit depending on pertinent facts and legal rules, before the court issued the challenged order, and that the court's actions improperly denied him that opportunity. Accordingly, we reverse the garnishment order and remand for further proceedings consistent with this opinion.

## BACKGROUND

¶3　Fetzer includes background in his briefing referring to events underlying the December 2019 judgment in a defamation case, but none of that is relevant to this appeal.[2] The relevant background begins with the non-earnings garnishment summons and complaint at issue here, which Pozner filed three years after the judgment was issued.

¶4　The following is pertinent legal context:

> Garnishment is a remedy available to a creditor, the garnishor, seeking satisfaction of its debtor's debts by garnishing property of the debtor, the defendant, that is in

---

[2] *See **Pozner v. Fetzer***, Nos. 2020AP121, 2020AP1570, unpublished slip op. (WI App March 18, 2021) (affirming circuit court's grant of partial summary judgment and affirming post-judgment order awarding remedial sanctions for contempt), *rev. denied*, 2022 WI 87, 989 N.W.2d 117 (Feb. 16, 2022) (unpublished table decision), *cert. denied*, 143 S. Ct. 137 (2022) (mem.), *and reh'g denied*, 143 S. Ct. 517 (2022) (mem.); ***Pozner v. Fetzer***, No. 2022AP1751, unpublished slip op. (WI App Sept. 14, 2023) (per curiam) (affirming circuit's denial of reconsideration of its turnover order), *rev. denied*, unpublished order (WI Jan. 23, 2024).

> the hands of a third-party, the garnishee. Garnishment is a wholly statutory remedy, requiring strict compliance….
>
> Chapter 812, Subchapter I of the Wisconsin Statutes governs non-earnings garnishment actions. WISCONSIN STAT. § 812.01(1) provides that any "creditor may commence a non[-]earnings garnishment [action] 'against any person who is indebted to or has any property in his or her possession or under his or her control belonging to such creditor's debtor.'" WISCONSIN STAT. § 812.04(3) states that "[a] garnishment action shall be commenced by the filing of a garnishee summons and annexed complaint."

***Prince Corp. v. Vandenberg***, 2016 WI 49, ¶¶19-20, 369 Wis. 2d 387, 882 N.W.2d 371 (cases cited in ***Prince Corp.*** omitted).

¶5      Here, Pozner's garnishment complaint identified himself as the judgment creditor and Fetzer as the judgment debtor, claimed that Pozner was due $445,528 based on the December 2019 judgment, and named as garnishees State Bank of Cross Plains, Summit Credit Union, and UW Credit Union.

¶6      The answer of State Bank of Cross Plains asserted that the gross value of Fetzer's assets held at the bank was $2,437.60. Summit Credit Union's answer asserted a gross value of $46.06 for Fetzer's assets there. UW Credit Union's answer asserted that Fetzer had a savings account and a checking account, with a total value of $11,305.72, but that Fetzer's exemptions were greater than that, at $11,798.00—although UW Credit Union did not identify any specific exemptions.

¶7      Fetzer's answer, filed pro se, did not challenge the judgment itself; for example, he did not claim that the judgment was void or had been satisfied. Instead, as to the two financial institutions other than UW Credit Union, Fetzer

asserted the living-expenses exemption,[3] and as to the accounts with UW Credit Union, he represented that the deposits represent "Social Security and Retirement Account payouts and are therefore exempt," although he did not cite any statutory provision or case law.

¶8      Pozner, through counsel, filed an objection to both the UW Credit Union's answer and to Fetzer's answer. Pozner also demanded a hearing. Pozner challenged Fetzer's claim that funds in the UW Credit Union accounts are exempt as social security and retirement payouts on the ground that, "[o]n information and belief," deposits into the accounts had "commingled" exempt and non-exempt assets.

¶9      On March 17, 2023, the circuit court held the hearing requested by Pozner, with Pozner represented by counsel and Fetzer self-represented. As we now describe, this was an incomplete hearing that the court said would be continued if Pozner wanted to pursue the action further.

¶10     Toward the start of the hearing, the court observed that Pozner was not objecting to the answer of State Bank of Cross Plains or the answer of Summit Credit Union. The discussion thereafter involved only deposits at UW Credit Union.

---

[3] The parties have consistently agreed that Fetzer is entitled to the $5,000 living-expenses exemption, *see* WIS. STAT. § 815.18(3)(k) (providing for this exemption within each garnishment action), for a garnishment of the personal depository accounts in this action.

¶11 Pozner's counsel accurately acknowledged that Pozner could not garnish benefits from deposits that constituted Social Security payments.[4] Counsel raised two arguments as to why that exemption did not preclude garnishment of at least some of the funds in the UW Credit Union accounts. First, Pozner argued that certain other retirement funds deposited into the UW Credit Union accounts "may be subject to garnishment." Second, Pozner argued that Fetzer had "commingled" "other retirement funds" with Social Security payments.

¶12 Without objection by either side, the circuit court swore in Fetzer's wife, Janice Fetzer, as a witness after the court explained its understanding that James Fetzer's position was that Ms. Fetzer was more knowledgeable than he was about deposits made into the UW Credit Union accounts.[5] Under limited questioning by Pozner's counsel, Ms. Fetzer testified to various aspects of deposits made into the two credit union accounts. The nature of the examination, as well as the nature of some responses, left much unclear. For example, despite the fact that UW Credit Union had identified in its answer that Fetzer had two credit union accounts, not one, counsel repeatedly examined Ms. Fetzer about "the account" at UW Credit Union, without resolving clearly which account he meant. Further, Pozner's counsel admitted to "jumping around" in his questions, multiple relevant terms were not defined by anyone, and no exhibits were used.

---

[4] Pertinent authority includes 42 U.S.C. § 407(a) (protecting Social Security benefits) and 42 U.S.C. § 1383(d)(1) (protecting Supplemental Security Income Benefits), putting aside exceptions not relevant here that allow garnishment in order to collect certain domestic support and governmental obligations, *see, e.g.*, 42 U.S.C. § 659(a) (allowing garnishment of funds that would otherwise be exempted under 42 U.S.C. § 407 for the purposes of child support and maintenance).

[5] We use "Fetzer" to refer to James, the judgment debtor, and "Ms. Fetzer" to refer to the witness called at the hearing.

¶13    The circuit court indicated that it needed to commence a hearing in an unrelated proceeding and asked Pozner's counsel what he was "asking [the court] to do this morning." Pozner's counsel renewed a request for copies of then-recent account statements for Fetzer's UW Credit Union accounts. The circuit court directed Ms. Fetzer to provide to Pozner copies of the last 12 monthly statements by the end of March 2023. The court then said:

> I'm [going to] then continue this hearing. [Pozner's counsel], then after you receive these statements, I'm [going to] ask you within the next 30 days thereafter to apprise the Court what, if anything, you want me to do, either reconvene and then continue the examination to determine whether the funds are fairly traceable out of the specific account or not, or whether [Pozner] wants to sort of start over, regroup and come back with a new garnishment with a little bit better information.
>
> ….
>
> I won't schedule anything today. We'll wait and see after Mr. and Mrs. Fetzer, after … [Pozner's counsel] gets these records what [Pozner] wants to do next.

¶14    In these remarks, the circuit court defined for the parties two specific, potential routes forward in this garnishment action, beginning after Pozner had a chance to consider the contents of the UW Credit Union statements: (1) Pozner could ask the court to "continue" the hearing, "reconven[ing]" it to "continue the examination to determine whether the funds are fairly traceable"; or (2) Pozner could voluntarily dismiss this action and "start over" with a "new garnishment" action.

¶15    On April 25, 2023, instead of either asking the court to reconvene the hearing or voluntarily dismissing the action, Pozner electronically filed a motion for distribution of funds, accompanied by an affidavit by Pozner's counsel and a proposed garnishment order. Counsel placed copies in the mail to Fetzer on

April 26. In the affidavit counsel averred that, before application of the living-expenses exemption, the following sums are subject to garnishment:

- 10 identified deposits into a "UW Account" in 2022, totaling $4,520.80;

- All of the $2,437 held by State Bank of Cross Plains;

- All of the $46.06 held by Summit Credit Union.

The result, according to Pozner, is that, after the $5,000 exemption is applied, Pozner is entitled to $2,004.46.

¶16  On May 1, 2023, without taking any further evidence or hearing from Fetzer, the court issued the order as proposed by Pozner. Fetzer appeals.

## DISCUSSION

¶17  Fetzer argues that the circuit court violated WIS. STAT. § 801.15(4) because it issued the garnishment order fewer than five days after Pozner filed the motion for distribution of funds. Pozner does not dispute that the circuit court issued the order, without holding a hearing on the motion, fewer than five days after it was filed and without providing Fetzer with a chance to provide input. But Pozner asserts that it was sufficient that Fetzer "had a fair opportunity to prepare and to be heard on his exemptions at" the truncated March 17, 2023 hearing. Further, without developing a legal argument, Pozner suggests that the circuit properly exercised its "inherent power to control its calendar and scheduling." *See Schopper v. Gehring*, 210 Wis. 2d 208, 215, 565 N.W.2d 187 (Ct. App. 1997) (circuit courts may, in their discretion, shorten statutory notice requirements for motions under their inherent authority to control their dockets to achieve economy of time and effort, and the manner in which a court exercises this authority is

8

committed to its discretion). We conclude that the court erroneously exercised its discretion and prejudiced Fetzer through its actions.

¶18 We uphold the circuit court's exercise of discretion in this context "unless there was no reasonable basis" for the decision. *Id.* at 216; *see also Alexander v. Riegert*, 141 Wis. 2d 294, 298, 414 N.W.2d 636 (1987) ("'The conduct of a trial is subject to the exercise of sound judicial discretion by the trial court and its determinations will not be disturbed unless rights of the parties have been prejudiced.'" (quoted source omitted)). "[S]tatutory provisions for notice time required for motions do not limit the trial court's ability to schedule a motion so long as each party has a fair opportunity to prepare and be heard." *Schopper*, 210 Wis. 2d at 215.

¶19 As summarized above, much was left unresolved at the hearing and little was affirmatively resolved, except that Ms. Fetzer would be turning over copies of statements from UW Credit Union and the circuit court established two paths forward. Pozner attempts to suggest that the court made a relevant finding of fact at the hearing regarding the "commingling" of funds at UW Credit Union, but this distorts the record. When properly interpreted in context, the court made clear that it had not yet been shown what the result would be of what the court said was necessary: "a forensic look-back … to determine … what money is going into" the account that is "fairly traceable" to an exempt source, as Fetzer claimed.

¶20 Any party in Fetzer's shoes (and certainly a pro se party, as he was) would be entitled to rely on the circuit court's articulation at the close of the hearing that there were two specific, potential routes forward—unless and until the court provided or endorsed a new path that would allow both sides an opportunity to be heard regarding the specific amounts that Pozner sought to garnish. The fact

that Pozner, in effect, unilaterally proposed a different path by filing his motion after the hearing did not necessarily derail this garnishment action. Indeed, so far as we can discern, the filing could have been a suitable starting point for the hearing that the court had told the parties it would reconvene if Pozner continued to pursue this action. But when Pozner submitted this filing, given the history of the case to that point, the court erroneously exercised its discretion in issuing an order without giving Fetzer an opportunity to address the substance of the motion.

¶21 Pozner argues that any error was harmless, because Fetzer is not entitled to exemptions that he did not claim in the circuit court and in any case he is not entitled to exemptions he now claims on appeal. We now address these various arguments.

¶22 Under the specific circumstances of this case, we reject Pozner's argument that Fetzer forfeited in the circuit court any claim that he did not state in advance of, or during, the incomplete hearing, and Pozner fails to cite authority establishing that forfeiture occurred here. The general rule, as Pozner now correctly points out, is that Fetzer, as a judgment debtor, is required to "affirmatively claim an exemption." *See* WIS. STAT. § 815.18(6)(a). But the discussion at the hearing by the court and the parties could be characterized as free flowing, permitting Fetzer to reasonably understand at the time of the hearing— and continue to reasonably understand up to the time the court issued the challenged order—that the court would give him an opportunity to make affirmative claims regarding specific deposits that were identified by Pozner only after the hearing. Put differently, the record does not reflect that Fetzer was sufficiently placed on notice that his affirmative claims of exemption in this action had to be stated once and for all before or during an inconclusive hearing, at which

10

he was informed the hearing would be reconvened unless Pozner voluntarily dismissed this action.

¶23    In a garnishment action, the plaintiff, here Pozner, bears the burden to establish by a preponderance of the evidence the essential facts entitling the plaintiff to recovery. *See Maxcy v. Peavey Publ'g Co.*, 178 Wis. 401, 405, 190 N.W. 84 (1922). Once Pozner made a prima facie case that a disputed amount was non-exempt, the burden of production would shift to Fetzer, but the burden of proof always was Pozner's. *See Reinke v. Personnel Bd.*, 53 Wis. 2d 123, 133, 191 N.W.2d 833 (1971). Assuming without deciding that Pozner could be said to have made out a prima facie case, the circuit court did not give Fetzer the chance to carry his burden of production.

¶24    "The standard for harmless error is the same for civil and criminal cases. The test is whether there is a reasonable possibility that the error contributed to the outcome of the action or proceeding at issue." *Schwigel v. Kohlmann*, 2005 WI App 44, ¶11, 280 Wis. 2d 193, 694 N.W.2d 467 (citations omitted). "A reasonable possibility of a different outcome is a possibility sufficient to 'undermine confidence in the outcome.'" *Id.* (citation omitted).

¶25    The harmless error issue may present a close question, because at least some of Fetzer's arguments on appeal in favor of exemptions appear unsupported by legal authority. In particular, at least as presented to this court, Fetzer's oblique argument involving funds that he claims to have received for his legal defense in the defamation action appears to have no merit. However, Fetzer makes other assertions that we cannot say, without the benefit of a complete hearing, do not represent a reasonable possibility that the circuit court's order reflected error. Specifically, Fetzer asserts that: one of the deposits came from an

insurance "senior bonus"; two other deposits were tax returns for joint filings, half of each of which is exempt because the deposits belong to Ms. Fetzer; and some non-tax related deposits were to benefit Ms. Fetzer, not attributable to Fetzer. *See Prince Corp.*, 369 Wis. 2d 387, ¶¶34-35 (creditor-garnishor entitled to garnish only property belonging to the debtor or in which the debtor has an interest and only in the amount that the debtor could require the garnishee to pay the debtor).

¶26    Pozner makes a passing reference to the "tracing" provision in the section of the chapter of the statutes addressing executions, WIS. STAT. § 815.18(4), but he fails to base a developed legal argument on this reference. If Pozner could show a valid tie-in between § 815.18(4) and the specifics here that could help his position, he would need to develop that concept following remand.

¶27    We express no conclusions regarding the merits of Fetzer's arguments or potential counterarguments by Pozner, because the current record is insufficiently developed. We decide only that Pozner fails to show, given the current state of the record, that Fetzer could not demonstrate legitimate reasons to reduce the amount of garnishment ordered if given the opportunity.

## CONCLUSION

¶28    For these reasons, we reverse the garnishment order and remand for further proceedings consistent with this opinion.

*By the Court.*—Order reversed and cause remanded for further proceedings.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.